Elmer STYERS and Thelma STYERS *v.* Joe JOHNSON
and Gladys JOHNSON, et al.

CA 86-239                                720 S.W.2d 334

Court of Appeals of Arkansas
Division II
Opinion delivered December 10, 1986

*Boswell, Tucker & Smith*, by: *David E. Smith*, for appellants.

*Curtis E. Rickard*, for appellees.

Tom Glaze, Judge. This case involves riparian rights. The parties' dispute focuses on a spring that originates on appellants' land and flows into Mill Creek which provides appellees with water for irrigation, drinking and other domestic purposes. In March 1984, appellants applied to the Arkansas Soil and Water Conservation Commission (Commission) for a dam permit which was issued the following May. In August 1984, appellees filed this suit against appellants, alleging appellants constructed a dam which wrongfully impounded waters on their land and obstructed the flow of water to Mill Creek. The appellants moved to dismiss appellees' complaint, urging the trial court had no jurisdiction because appellees failed to exhaust their administrative remedies before the Commission. Alternatively, appellants claimed by law they were exempt from applying to the Commission for any dam-building permit because the spring was located on their land and it did not impede the flow of water into a stream, so neither the trial court nor the Commission had any authority to limit appellants' use of the spring water.

The trial judge found appellants had complied with the Commission's regulations in obtaining the permit for a dam. He held that the dam could remain but that, if an insufficient amount of water overflowed it, appellants must make water available to appellees in an amount equal to the flow from the spring before it was dammed. Appellants raise the same issues on appeal as they did below.[1]

---

[1] Appellees respond to appellants' arguments, claiming the trial court found the

First, we agree with appellants and the trial court that appellants properly complied with the state law in obtaining the permit for a dam. The law that was pertinent and effective when appellants applied for their permit is set forth in Ark. Stat. Ann. §§ 21-1306 and 21-1310 (Supp. 1983).[2] Section 21-1306 establishes the procedures required to apply for a permit to construct a dam, and it delineates the notice and hearing requirements interested persons must be given. In sum, appellants claim they complied with those statutory requirements in all respects, and because the appellees failed to file an objection concerning the dam with the Commission, they lost their right to question the Commission's action in granting the permit to appellants. In other words, the appellants argue the Commission's findings that led to its issuance of the dam-building permit became *res judicata*, since appellees had an opportunity to litigate their dispute before the Commission, but did not.

 While we agree that the appellants and the Commission complied with the legal requirements necessary for the issuance of the permit for a dam and that the appellees did not object, appellants' argument ignores appellees' response that they had no objection to the dam—only to its obstruction of the flow of water from the spring located on appellants' land. In this respect, § 21-1306(A)(1) (Supp. 1983), in pertinent part, provides protection to appellees, as lower riparian owners, as follows:

> and that there shall be discharged each day from the water impounded by it (dam) a quantity of water as may be fixed by the Commission as that necessary to preserve, from time to time, below the dam, the flow of the stream involved at a rate designed to protect the rights of lower riparian owners. . .

In fact, the Commission in the instant case condi-

---

parties entered an express agreement that appellants would pump water out of their impoundment into Mill Creek and that the trial court merely was enforcing that agreement by its decree. The trial court's order reflects no such finding nor can we find any such agreement in the abstract of record.

[2] Both of these provisions have been amended by Act 475 of 1985. Act 475 deleted all of the former subsections (a) through (d) of § 21-1310, so that it now provides no permit is required for any dam which impounds less than fifty (50) acre-feet of water or is of a height less than fifteen (15) feet.

tioned, as it was required to do, its issuance of appellants' dam permit upon the requirement that the dam discharge water below it at a rate approximating the flow the stream would maintain if the dam had not been constructed. The Commission, under Ark. Stat. Ann. § 21-1308 (Repl. 1968), is empowered to allocate available water whenever a shortage exists. This statutory scheme provides the Commission with authority to issue dam-building permits and, at the same time, recognizes and encompasses Arkansas's case-law authority dealing with the rights of riparian owners. *See Harris* v. *Brooks*, 225 Ark. 436, 283 S.W.2d 129 (1955); *Boyd* v. *Greene County, Arkansas*, 7 Ark. App. 110, 644 S.W.2d 615 (1983); *see also* 38 Ark.L.Rev. 221, 235 (1984). Under these same statutory provisions, the Commission may duly modify or cancel any dam permit issued by it if the person holding the permit fails to maintain the dam adequately or to comply substantially with any condition of the permit with respect to the operation of the dam. *See* § 21-1306(D). Consistent with our foregoing analyses of the law and the facts of this case, we hold that the appellees should have sought their remedy before the Commission rather than to have filed this original action in Chancery. *See* Ark. Stat. Ann. § 21-1304 (Supp. 1983) and -1304 (Supp. 1985). Because we conclude the Commission has jurisdiction of this cause, it is an elementary principle of administrative law that an issue must be raised at the lower level to be pursued on appeal. *Arkansas Cemetery Board* v. *North Hills Memorial Gardens*, 272 Ark. 172, 616 S.W.2d 713 (1981).

Since we disagree with appellants' contention that appellees' failure to appear before the Commission was *res judicata*, we consider their alternative contention that neither the Commission nor chancery court had the jurisdiction to limit appellants' use of their water. Of course, we discussed how the Commission acquired jurisdiction in this matter, and now we turn to our reasoning why appellants are not exempt from that jurisdiction.

Appellants contend the Commission had no authority to limit their spring water because they were exempt from applying to the Commission for a dam-building permit pursuant to Ark. Stat. Ann. § 21-1310(b) (Supp. 1983), which provides:

> Any person owning land, or having a right to occupy land, shall have the right to impound, and use for any lawful

purpose, water flowing from a spring on that land, so long as he does not thereby obstruct the flow of water in a stream, and the Commission shall have no authority or jurisdiction with respect thereto.

Relying upon the above statutory language, appellants claim that, independent from the Commission, they had a right to impound their own water and use it for any lawful purpose because it was water flowing from a spring on their own land and the dam did not obstruct the flow of water in a stream. Appellants offer this contention even though they voluntarily submitted themselves to the jurisdiction of the Commission by applying for a dam permit. But more importantly, appellants are wrong in their assertion that their dam did not obstruct the flow of water in a stream. The record is replete with evidence to the contrary. Appellants' own witness, a water resources engineer for the Commission, testified that there was a natural flow of water out of appellants' spring that made its way to Mill Creek through a channel he described as a water course or stream. He further stated that appellants' dam "is affecting" the flow of water into Mill Creek. The appellees offered similar testimony, summarily concluding that appellants' spring flows into Mill Creek and that the creek never had run dry until after appellants built the dam impounding the water from their spring. Because the record reflects appellants' dam does obstruct the flow of water in a stream, we conclude the appellants are not exempt under § 21-1310(b) (Supp. 1983).

Consistent with the foregoing opinion, we reverse and dismiss this cause, leaving the appellees to seek their remedy before the Commission.

CRACRAFT, C.J., and CORBIN, J., agree.