## ARKANSAS CEMETERY BOARD *v.*
## MEMORIAL PROPERTIES, INC., d/b/a NORTH
## HILLS MEMORIAL GARDENS

80-196                                                616 S.W. 2d 713

Supreme Court of Arkansas
Substituted Opinion on Rehearing
delivered May 11, 1981

*Martin J. Nevrla*, for appellant.

*Kenneth E. Suggs*, for appellee.

DARRELL HICKMAN, Justice. On rehearing, we decide the controlling issue in this case was not raised at the administrative hearing. The question of the Board's authority to order the twenty percent contribution was only referred to in the hearing during the cross-examination of Tommy H. Russell, Sr., president of Memorial Properties, Inc., by the Board's attorney.

At the administrative hearing the appellee did not claim that the Board lacked the authority to impose a twenty percent payment; the twenty percent requirement had been imposed on the appellee previously and the hearing was held to see whether the funding request had been met.

It is an elementary principle of administrative law that an issue must be raised at the lower level to be pursued on appeal. This was clearly stated in *Hennesey* v. *SEC*, 285 F. 2d 511 (3d Cir. 1960), where the court said:

> It is well established that issues not effectively presented to an administrative agency, where ample opportunity to do so has been afforded, cannot be raised on appeal of that agency's decision. This principle may be viewed as one facet of the judicial doctrine of "exhaustion of administrative remedies."

The United States Supreme Court stated the same concept in *Unemployment Comm'n* v. *Aragon*, 329 U.S. 143 (1946):

> A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reasons for its action.

The trial court held that the Board exceeded its authority when it ordered the twenty percent contribution and reversed the Board. Since that issue was not raised at the administrative hearing it could not be raised at the trial court. Therefore, the trial court's order was wrong and its judgment is reversed.

ADKISSON, C.J., and PURTLE, J., dissent.

JOHN I. PURTLE, Justice, dissenting. I would not grant the rehearing in this case because I think we correctly decided it in the original opinion. In order to determine whether the twenty percent contribution to the perpetual care fund was at issue in the lower court, I quote below two questions and answers which were abstracted by the appellant.

> Q. And you don't take the same attitude here about the 20% contribution amount that the Board requires?

> A. I'm taking the same attitude, sir, but I'm paying it.

Q. in other words, you still contend that's improper but you have been paying it?

A. That is correct.

It is obvious from the above questions and answers the appellee was contending at the hearing that the twenty percent was improper. There is another statement in appellant's brief which I think bears upon this issue. It is as follows:

> ... that the transcript of the administrative hearing clearly indicated that Memorial Properties, Inc., had agreed to the 20% requirement and had previously recognized the Board's authority to require such amount.

This also clearly shows the twenty percent requirement was considered at the administrative hearing. The appellant has presented nothing in the abstract which would be grounds for reversing the trial court.

It is obvious from reading both briefs that the appellant was trying to collect twenty percent of the gross sales from the lots in North Hills Memorial Gardens and the appellee was trying to keep from paying anything above ten percent. The whole heart of the hearing was designed to collect the additional ten percent and a penalty of ten dollars per day for each day the appellee had not paid the extra ten percent.

It is the appellant's burden to prove his case before this court. A longstanding rule of this court is that we do not resort to the record in order to reverse; however, we may do so in order to affirm, as required in the interest of justice.