## ALCOHOLIC BEVERAGE CONTROL DIVISION
### *v*. Edna BARNETT

84-248                                   685 S.W.2d 511

Supreme Court of Arkansas
Opinion delivered March 11, 1985

*Donald R. Bennett,* for appellant.

*Milas H. Hale,* for appellee.

STEELE HAYS, Justice. The Alcoholic Beverage Control Division has appealed from an order of the Pulaski Circuit Court reversing the Division's cancellation of the permit of Delmer Barnett[1], appellee, to sell beer at his grocery store on Kellogg Road in North Little Rock, lying in Gray Township.

In 1981 the Division discovered that a part of Gray

---

[1]Delmer Barnett died on August 4, 1984 and this litigation proceeded under an order substituting Mrs. Edna Barnett as petitioner. ARCP Rule 25.

Township thought to be "wet," was actually "dry" as a result of a 1956 local option election. That fact had not been reported to the Division and consequently, three permits to dispense alcoholic beverages in the dry area had been issued prior to the discovery, one of which was held by the appellee.

In September, 1982 the Director of the Division notified the three permittees of the problem and of a scheduled hearing. The facts developed before the Director were not disputed: in December, 1954 Gray Township held a local option election and voted dry by a vote of 528 to 473. In February, 1956 the Pulaski County Court entered an order altering the boundaries of several townships. Gray Township was enlarged and the added tract included the locations of the appellee and the other two permittees. The following November a wet-dry election was held in Gray Township, as newly composed, and the drys won, by a vote of 421 to 219. On these grounds the Director ordered the permits cancelled, allowing ninety days for the permit holders to apply for transfer to other locations.

On appeal to the Alcoholic Beverage Control Board the permit holders argued that the two publications of notice of the 1956 local option election were deficient in that the notices failed to include the full text of the proposal, as required by Ark. Stat. Ann. § 2-307 (Repl. 1976).

The published notices informed the public of a local option election affecting Gray Township to be held on November 6, 1956, the date of the next general election. The notice stated, "the text of this measure and its ballot title read as follows:

GRAY TOWNSHIP INITIATIVE ACT NO. 1. AN ACT TO LEGALIZE THE MANUFACTURE, SALE, BARTERING, LENDING AND GIVING AWAY OF INTOXICATING LIQUOR WITHIN GRAY TOWNSHIP, PULASKI COUNTY, ARKANSAS. FOR PROPOSED INITIATIVE ACT NO. 1. _____ AGAINST PROPOSED INITIATIVE ACT NO. 1. _____.

Had the full text of the proposed act been published, it would have included the following:

> "Be it enacted by the people of Gray Township, Pulaski County, Arkansas: Section 1. The manufacture, sale, bartering, lending, or giving away of intoxicating liquor is legal within Gray Township, Pulaski County, Arkansas, and License shall be granted for said purposes."

On January 17, 1983, the Board reached a decision granting the permittees an additional five and a half months to find alternate locations, failing in which the permits would be cancelled as of June 30, 1983.

Appellee Barnett filed a petition in the Pulaski Circuit Court to review the Board's decision pursuant to the Arkansas Administrative Procedure Act (Ark. Stat. Ann. § 5-701, et seq., Repl. 1976), and obtained a stay of the cancellation pending the appeal.

On June 25, 1984, the Circuit Court reversed the Board upon findings that the administrative ruling of the Board was based on an error of law in that the Board failed to recognize that the 1956 local option election was void because the notice failed to publish the full text of the proposed act as required by Ark. Stat. Ann. § 2-307 (Repl. 1976) and because the election in 1956 violated Ark. Stat. Ann. § 48-802, which requires that two years elapse between local option elections.

The Division's appeal to this court is predicated on two arguments: the Circuit Court had no jurisdiction in 1984 to decide an election matter which occurred in 1956, and the Cirucit Court erred in ruling the 1956 election was void because two years had not elapsed; inasmuch as the boundaries of Gray Township changed between the two elections. We sustain the arguments.

The dispute over the timing of the two elections can be

easily disposed of — it was not raised by the appellee or by either of the other two permit holders before the Board. In *Arkansas Cemetery Board* v. *Memorial Properties, Inc., d/b/a North Hills Memorial Gardens,* 272 Ark. 172, 616 S.W.2d 713 (1981), we said this is essential to a judicial review under the Arkansas Administrative Procedures Act. We quoted from a decision of the United States Supreme Court in *Unemployment Commission* v. *Oregon,* 329 U.S. 143 (1946):

> A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not theretofore presented and deprives the Commission of an opportunity to consider the matter, make its ruling, and state the reasons for its action.

See, *Truck Transport, Inc.* v. *Miller Transports, Inc.,* (decided March 11, 1985).

On the remaining point the Division submits that election contests must be brought within twenty days of certification (Ark. Stat. Ann. § 3-1001, Repl. 1976) and Circuit Court has no jurisdiction to settle such disputes nearly thirty years later. It points to those cases holding that compliance with pre-election requirements is mandatory before an election and becomes discretionary afterwards. *Gay* v. *Brooks,* 251 Ark. 565, 473 S.W.2d 441 (1971).

In response, appellee contends that this is not an election contest, but an action on review to prevent an administrative agency from enforcing the results of an election held on November, 1956 which was null and void. *Phillips* v. *Rothrock,* 194 Ark. 945, 110 S.W.2d 26 (1937). We agree to this extent — this is a proceeding to review an administrative agency, brought expressly under the Administrative Procedure Act, but that very reason compels us to a different result. We need not decide the timeliness of this dispute, because the issue is not the power of the Circuit Court to examine the election results, but whether the Alcoholic Beverage Control Division has a duty under our statutes to look beyond the results of a wet-dry election,

however recent or distant in time. The Circuit Court was not hearing this case de novo, but on review to determine whether the Division's order was in excess of the agency's authority, or was affected by an error of law, or was arbitrary, capricious or an abuse of discretion, or breached any of the six considerations listed in Ark. Stat. Ann. § 5-713(h) (Supp. 1983). We hve referred to the appellate review under the act as "narrowly prescribed" [*Arkansas Poultry Commission* v. *House,* 276 Ark. 326, 634 S.W.2d 388 (1982)] and as being "a role of limited scope" [*City of Newport* v. *Emery, et al,* 262 Ark. 591, 559 S.W.2d 707 (1977)].

While our statutes impose a variety of assignments on the Alocholic Beverage Control Division, they can be described in general as limited to the issuance and revocation of licenses for dispensing intoxicants and overseeing the enforcement of laws and regulations pertinent to that responsibility. We find nothing in the statutes suggesting that it is intended the Division, through its five member board who are not expected to be proficient in the law, to undertake the often difficult task of deciding whether election procedures have been complied with. That role has been handled, more or less effectively, by the judicial branch and we think the clear intent of our statutory scheme is such that the Division is not expected to look beyond the results of wet-dry elections in discharging the functions assigned to it. Whether appellee could still challenge the results of the 1956 election, we are not deciding, but the forum for that effort is the courts, rather than an administrative agency, and the Administrative Procedures Act makes express provision for recourse to other remedies. § 5-713(a).

The effect of the Circuit Court's order would thrust a difficult and unintended assignment on the Division — to decide the legality of wet-dry election procedures. That would result in a dilemma for the Division. Section 48-802 directs the Division, in the event a majority of the electors vote against the sale of intoxicating liquors, to *immediately* cancel any permit for the sale of intoxicants within the territory covered by the election. Obviously, the Division cannot effectively enforce the provisions directly imposed

upon it by law, if at the same time it must decide whether pre-election procedures were observed.

For the reasons stated, the order of the Circuit Court is reversed.