RIVERWAYS HOME CARE of Ozarks Medical Center *v.*
ARKANSAS HEALTH SERVICES COMMISSION

91-230                                              831 S.W.2d 611

Supreme Court of Arkansas
Opinion delivered May 26, 1992

*Davidson, Horne & Hollingsworth*, by: *Cyril Hollings-worth* and *Chet Roberts*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Susan G. Jones*, Asst. Att'y Gen., for appellee.

*Simpson & Graham, P.A.*, by: *Harold H. Simpson & Lynda M. Johnson*, for intervenors, Spring River Home Health Agency.

TOM GLAZE, Justice. Appellant Riverways, an affiliate of Ozarks Medical Center, a not-for-profit hospital, applied for a permit of approval in order to provide home health services to residents of Fulton County. Spring River Home Health Agency (Spring River), the intervenor in this case, opposed Riverway's application. Spring River serves the Fulton County area. The Arkansas Health Agency recommended denial of Riverways' application, and after a hearing, the Arkansas Health Services Commission endorsed the Agency's recommendation. Riverways appealed to the Commission for reconsideration, but the Commission declined to reverse its decision. Riverways then appealed to the circuit court making the two following arguments for reversal: (1) the Arkansas Health Agency failed to submit its recommendation to the Commission within the ninety-day period required under § 20-8-104(d), and therefore Riverways' application was deemed approved as a matter of law; and (2) Riverways was denied due process and a fair hearing because the chairman of the Commission, Dr. Moody, who had an ownership interest in Spring River Home Health Agency, disqualified himself from the proceedings but still participated by speaking at the hearings.

The circuit court found that, since Riverways had not presented its argument at the administrative hearings that the ninety-day period had not been complied with, it could not address the argument on appeal. Further, the circuit judge concluded that, while Dr. Moody's conflict of interest prevented him from participating as a commissioner, it did not prevent him from being a witness or litigant at the hearings. Based on these findings, the circuit court affirmed the Commission's denial of Riverway's permit. Riverways appeals the trial court's two findings and holding.

A chronology of pertinent events is necessary for our review.

Riverways applied for a permit of approval, and the Agency received the application on October 5, 1989. On October 27, 1989, the Agency received additional requested information from Riverways. No further information was requested or received. In accordance with Commission rules, the Agency then published in a newspaper a legal notice for five consecutive days — December 1-5, 1989 — announcing it was in receipt of applications for permits of approval review. Riverways' application was included. The notice further provided "the applications qualify for a determination of need under the provisions of Act 593 of 1987," and the Agency would review the applications and submit recommendations on each of the projects to the Commission prior to the close of business on March 1, 1990.

On February 14, 1990, Riverways was sent a copy of the Agency's findings and recommendation denying Riverways' application for permit. At a hearing on February 21, 1990, the Commission adopted the Agency's recommendation, and after another hearing on April 11, 1990, the Commission declined to reverse its February 21 decision.

In its first point for reversal, Riverways claims the Agency, in reviewing Riverways' application, failed to meet the time requirement of Ark. Code Ann. § 20-8-104(d) (1991), which provides as follows:

> (d)  The Health Services Agency shall review all applications for permits of approval and submit their recommendation for action to the commission within ninety (90) days of receipt of the application for permit of approval, without which the application shall be deemed approved.

In brief, Riverways argues its application was complete when it was sent to the Agency on October 27, 1989, and under § 20-8-104(d), the Agency had ninety days from the October 27 date — on or about January 25, 1990 — to submit its recommendation or else the Riverways' application was "deemed approved." As set out above, the Agency's recommendation was not made until February 14, 1990; thus, under Riverways' theory, the Agency had no subject matter jurisdiction to act on or deny Riverways' application, once the aforementioned ninety-day period expired. The trial court rejected this argument because

Riverways failed to raise it with the Agency or at the hearings before the Commission. The trial court is correct that this court has repeatedly held it will not set aside an administrative determination upon a ground not presented to the agency because to do so would deprive the agency or commission the opportunity to consider the matter, make its ruling and state the reasons for its action. *Alcoholic Beverage Control Div.* v. *Barnett*, 285 Ark. 189, 685 S.W.2d 511 (1985); *see also Arkansas Cemetery Board* v. *Memorial Properties, Inc.*, 272 Ark. 172, 616 S.W.2d 713 (1981); *Hamilton* v. *Jeffrey Stone Co.*, 6 Ark. App. 333, 641 S.W.2d 723 (1982).

Riverways concedes it did not raise this argument before either administrative agency, but contends that, because the ninety-day requirement is jurisdictional, it can raise the argument at any time. *Venhaus* v. *Hale*, 281 Ark. 390, 663 S.W.2d 930 (1984). Riverways further argues that, since the ninety-day period had expired in the present case, no purpose would have been served by its having raised this argument because the Agency and Commission no longer had subject matter jurisdiction or any authority to correct their error.

Intervenor Spring River counters by pointing to the language of § 20-8-104(d), and submits that, while the statute requires the Agency to review and submit its recommendations to the Commission within ninety days of an applicant's request for permit of approval, such time period applies only to the Agency, not the Commission. In other words, Spring River urges that, although the Agency might have been precluded from acting on Riverways' application once the ninety-day period expired, the Commission still had authority to consider the application. Riverways argues Spring River's interpretation of § 20-8-104(d) is strained because the statute contemplates both the Agency and Commission must act or the application is "deemed approved." Riverways' argument, however, assumes no further action or review is required if an applicant's permit request is "deemed approved" due to the Agency's inaction. Such an assumption is one which we cannot indulge.

█ ▌ Our analysis of Ark. Code Ann. § 20-8-103(f) and (h) and the Commission's enabling rules supports Spring River's argument. Under § 20-8-103(f), the Commission must review

Agency recommendations and either endorse or reject them. The Commission takes such action whether the Agency makes a recommendation on an application or fails to act under § 20-8-104(d). *See also* Arkansas Health Services Commission, *Arkansas Health Services Commission Policies and Procedures for Permit of Approval Review*, Section VII(B)(9) (Dec. 10, 1987). In fact, permits of approval will only be issued, denied or withdrawn by the Agency with the Commission's endorsement or under the direction of an appropriate court. *Id.*, Section III. Clearly, the Commission acted properly in the present case when reviewing Riverways' application whether the application had been appropriately and timely denied by the Agency or whether it had been deemed approved because of the Agency's inaction.

■ In summation of the arguments bearing on Riverways' first point for reversal, we reject Riverways' argument that the Commission had no jurisdiction to rule on its application, and because Riverways does not otherwise question the merits of the Commission's ruling, the ruling stands unchallenged. Although the trial court did not employ the reasoning argued to and adopted by this court on appeal, we will affirm the trial court since it reached the correct result. *Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984).

In holding as we do, we mention *Arkansas Health Services Comm'n* v. *Area Agency on Aging*, 303 Ark. 38, 792 S.W.2d 321 (1990), where we upheld a lower court's order that automatically approved the Area Agency's application because the Arkansas Health Services Agency failed to submit its recommendation within the ninety-day period required under § 20-8-104(d) (Supp. 1989). In that decision, the parties made no mention of § 20-8-103(f) and (h) or the Commission's rules; nor did the parties raise and develop the ninety-day-period argument before the Agency or Commission. Suffice it to say, to the extent our decision today conflicts with the rationale set out in *Area Agency on Aging*, that rationale is overruled.

■ We turn next to Riverways' second argument that the trial court erred in finding the participation of the Commission chairman, Dr. Moody, was not prejudicial and reversible error. At the Commission hearing, Dr. Moody announced he owned an interest in Spring River Home Health Agency and, as a conse-

quence, did not participate in the Commission's deliberations or decision involving Riverways' application. He did, however, participate in the discussion of the application during the February 21 hearing. The short answer to Riverways' concern here is that Riverways simply failed to object to Dr. Moody's participation.[1] In fact, at the reconsideration hearing of the Commission, Riverways praised Moody for having disqualified. Because Riverways failed to preserve this argument at the administrative hearing, we do not consider it on appeal. *Arkansas Contractors Licensing Board* v. *Butler Constr. Co.*, 295 Ark. 223, 748 S.W.2d 129 (1988); *Barnett*, 285 Ark. 189, 685 S.W.2d 511.

For the reasons set out above, we affirm.

---

[1] We note that Riverways apparently appeared without legal counsel at the hearing where Dr. Moody participated.