Lawrence BROWN *v.* DEPARTMENT OF HUMAN
SERVICES

97-479                                                   956 S.W.2d 866

Supreme Court of Arkansas
Opinion delivered December 18, 1997

*Law Offices of Treeca J. Dyer, P.A.*, by: *Treeca J. Dyer*, for appellant.

*Joel P. Landreneau*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. The appellants, Lawrence Brown and Charles Murdock, appeal an order of the Pulaski County Circuit Court upholding the decision of the Office of Hearing and Appeals of the Arkansas Department of Human Services that there was some credible evidence to support allegations that they had abused a juvenile at a youth facility in North Little Rock. Finding no merit to the appellants' three arguments for reversal, we affirm the trial court's judgment.

The appellants first argue that the trial court erred in rejecting their argument that their due process rights were violated because OHA did not complete its hearing process within ninety

days from the date that it received their request for a hearing. Under the Arkansas Administrative Procedures Act, particularly Ark. Code Ann. § 12-12-512 (Repl. 1995), the administrative hearing process must be completed within ninety days from the date of receipt of the request for a hearing. Appellants filed their request for a hearing on January 31, 1996, but OHA did not conclude the hearing until May 21, 1996.

We need not decide whether this delay prejudiced the appellants' due process rights because they did not present this argument to OHA. It is well-settled that we do not set aside an administrative determination on a ground not presented to the agency. *Alcoholic Beverage Control Div. v. Barnett*, 285 Ark. 189, 685 S.W.2d 511 (1985). The trial court correctly rejected the appellants' argument for this reason.

Next, the appellants assert that the trial court erred in rejecting their argument that the continuance of the hearing from May 2, 1996, to May 21, 1996, on DHS's motion so that it could secure the presence of its key witness in the case, violated their due process rights. We cannot reach this argument because the record reveals that no objection was made below to the granting of a continuance. Because the appellants failed to present this argument at the administrative hearing, we do not consider it on appeal. *Riverways Home Care v. Ark. Health Serv. Comm'n*, 309 Ark. 452, 831 S.W.2d 611 (1992).

Finally, the appellants contend that because the trial court found that there was some credible evidence of abuse, it erroneously felt compelled to reject their due process arguments, as it reasoned that it "must affirm the DHS decision." Arkansas Code Annotated § 25-12-212(h) (Repl. 1996) provides in part that the trial court "may" reverse or modify an agency's decision if it determines that the substantial rights of the petitioner have been prejudiced due to an agency's decision that is in violation of constitutional or statutory provisions. Thus, under our statute, even if we were to agree that the appellants' due process rights were violated, it would have been within the trial court's discretion to reverse and remand their case. When reviewing the trial court's order, it appears to us that he made separate findings with respect

to the substantive evidence of abuse and the appellants' due process claims. In any event, we cannot say that the trial court erred.

For the foregoing reasons, we affirm the trial court's decision.