Herbert BROWN d/b/a Lavaca Heating & Electric, Inc. *v.*
ARKANSAS STATE HEATING, VENTILATION, AIR
CONDITIONING and REFRIGERATION (HVACR)
LICENSING BOARD

98-984                                984 S.W.2d 402

Supreme Court of Arkansas
Opinion delivered January 7, 1999

*Pryor, Barry, Smith, Karber & Alford, PLC*, by: *Gregory T. Karber*, for appellant.

*Rick D. Hogan*, for appellee.

RAY THORNTON, Justice. Appellant, Herbert Brown, appeals from a decision by the Circuit Court of Sebastian County, affirming the decision and ruling of the Arkansas State Heating, Ventilation, Air Conditioning and Refrigeration (HVACR) Licensing Board that imposed a fine on the appellant and revoked his license following a hearing on July 9, 1997. Appellant raises several arguments for reversal of the trial court's decision, but none of the arguments was presented at the hearing before the Board, and appellant did not seek to obtain an order from the circuit court to produce additional evidence for consideration as provided by Ark. Code. Ann. § 25-15-212 (Repl.

1996). Appellant also appeals from the trial court's dismissal of his claim under the Civil Rights Act, Ark. Code. Ann. §§ 16-123-101—16-23-108 (Supp. 1997). We find no error in the trial court's decision, and affirm.

We first address the issue concerning the dismissal by the trial court of the allegations concerning a violation of the Civil Rights Act. Appellant contends that the trial court's dismissal of his Arkansas Civil Rights Act claim for failure to state facts upon which relief could be granted was error. Appellant contended in his complaint that appellee, the HVACR Licensing Board, acting under color of state of law, effected a taking of appellant's property, his license, without due process of law. In its response to appellant's complaint, appellee argued that the trial court lacked both subject-matter jurisdiction and personal jurisdiction over appellee relative to the claim under the Civil Rights Act; that venue of that claim was not proper in that judicial district; and that appellant had failed to state a claim pursuant to Ark. R. Civ. P. 12(b)(6).

In reviewing a trial court's decision on a motion to dismiss under Ark. R. Civ. P. 12(b)(6), the reviewing court treats the facts alleged in the complaint as true and views them in the light most favorable to the party who filed the complaint. *Neal v. Wilson*, 316 Ark. 588, 595, 873 S.W.2d 552, 556 (1994). Here, appellant's complaint charges that appellee, the HVACR Licensing Board, violated his civil rights by taking his property, his HVACR license, without due process of law. Reading the facts as alleged in the complaint as true and in the light most favorable to appellant, we cannot say that the trial court's dismissal of the complaint was error. Appellant's complaint was flawed because appellant named the Board as the defendant in the suit, rather than the Board members in their individual capacities.

Article 5, section 20, of the Constitution of the State of Arkansas reads, "The State of Arkansas shall never be made a defendant in any of her courts." Ark. Const. art. 5, § 20. In regard to this immunity, we have held that the constitutional prohibition was not merely declaratory that the state could not be sued without her consent, but that all suits against the state were

expressly forbidden. *Beaulieu v. Gray*, 288 Ark. 395, 398, 705 S.W.2d 880, 881 (1986); *Page v. McKinley*, 196 Ark. 331, 336, 118 S.W.2d 235 (1938). Where the pleadings show that the action is, in effect, one against the state, the trial court acquires no jurisdiction. *Id.* Further, where a suit is brought against an agency of the state with relation to some matter in which the appellee represents the state in action and liability, and the state, though not a party of record, is the real party in interest so that a judgment for the plaintiff would operate to control the action of the state or subject the state to liability, the action is, in effect, one against the state and is prohibited by the constitutional bar. *Id.* The Legislature preserved sovereign immunity within the Arkansas Civil Rights Act by stating: "Nothing in this subchapter shall be construed to waive the sovereign immunity of the State of Arkansas." Ark. Code Ann. § 16-123-104 (Supp. 1997).

■ Appellant named the Board itself in his civil-rights claim, effectively naming the State itself as the real party in interest as described in *Page* and *Beaulieu*, rather than naming any of the Board members in their official or individual capacities. A suit against a state official in his or her official capacity is not a suit against that person, but rather is a suit against that official's office. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989). *See generally* Ark. Code Ann. sect; 16-123-105(c) (Supp. 1997) ("When construing this section, a court may look for guidance to state and federal decisions interpreting the Federal Civil Rights Act . . .") This court has previously held that neither the state nor a state agency can be sued under the Federal Civil Rights Act, 42 U.S.C. § 1983. *Honor v. Yamuchi*, 307 Ark. 324, 331, 820 S.W.2d 267, 271 (1991). *See also Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997)(the Eleventh Amendment barred the appellant's section 1983 claims against the State of Arkansas and two state agencies); *Egerdahl v. Hibbing Community College*, 72 F. 3d 615, 619 (8th Cir. 1985)(in the absence of consent to suit, actions against a state or one of its agencies or departments are proscribed by the Eleventh Amendment). Therefore, we conclude that appellant's argument that the trial court erred in dismissing his civil-rights claim for failure to state facts upon which relief can be granted is without merit.

Appellant's other allegations of error relate to the conduct of proceedings before the Board. This is an administrative review pursuant to Ark. Code. Ann. § 17-25-312 (Repl. 1995), which provides that all appeals shall follow the provisions of the Arkansas Administrative Procedures Act, Ark. Code. Ann. §§ 25-15-201— 25-15-214 (Repl. 1996, Supp. 1997). The HVACR is an agency created pursuant to Ark. Code. Ann. § 17-33-201 (Supp. 1997). As such, all hearings conducted by the Board and all appeals taken from the decisions of the board shall be pursuant to the Arkansas Administrative Procedures Act. Ark. Code. Ann. § 17-33-203 (Repl. 1995). Appellant urges us to consider allegations of error committed by the Board during its July 9, 1997 hearing, and to reverse the decision by the trial court that those allegations, contentions, and positions could not be considered on review, because they were not presented to the Board.

■ Appellant acknowledges that these allegations of error were not made at the hearing before the Board, but contends that appellant's failure to attend the hearing, or to be represented at the hearing, did not constitute a waiver of the Administrative Procedures Act or the HVACR Enabling Act. This argument will not withstand rigorous analysis. The requirement that arguments, evidence, and objections must be presented to the agency before which the matter is being presented is to allow the agency to apply its special knowledge and expertise, and to build a record which appellate courts may review. We do not review agency actions to determine the absence of error, but review those alleged errors which have been objected to and preserved for our review. *Wacaser v. Insurance Comm'r*, 321 Ark. 143, 145, 900 S.W.2d 191, 192 (1995); *Arkansas Appraiser Lic. and Cert. Bd. v. Biles*, 320 Ark. 110, 895 S.W.2d 901, 903 (1995); *Riverways Home Care v. Ark. Health Serv. Comm'n.*, 309 Ark. 452, 457, 831 S.W.2d 611, 613 (1992).

■ We require a person represented at a hearing to make proper objections for the purpose of allowing the agency to correct the alleged error, and for the purpose of preserving the argument for review. It would be inconsistent and unjust for us to allow another person to ignore the proceeding, fail to attend or object, and thereafter be allowed to obtain a full review of the .

proceeding to determine whether any error might have been objected to or preserved if someone had been there to do so. The issue is not whether appellant waived his rights to procedural rules, but whether appellant complied with the well-established principles of law which apply to preserving issues for appeal. *See Riverways, supra; Wright v. Ark. State Plant Bd.*, 311 Ark. 124, 132, 842 S.W.2d 42, 46 (1992); *Alcoholic Beverage Control Div. v. Barnett*, 285 Ark. 189, 192, 685 S.W.2d 511, 513 (1985).

■ In the case before us for review, there is no question that appellant had knowledge of the concerns which had been presented to the Board, and of the actions of the Board in seeking to have the faulty work repaired. On May 7, 1997, Appellant was mailed a notice of the hearing to be held on July 9, 1997. While the Arkansas Administrative Procedures Act provides that such notice may be sent by regular mail, Ark. Code. Ann. §§ 25-15-208(a), 25-15-210(c), and 25-15-211(c) (Repl.1996), the notice to appellant was sent by certified mail which was refused on May 10, 1997, and returned to the appellee. All that is required for notice in an administrative agency hearing may be provided by regular mail. We note that the service of the notice by certified mail would have been valid even under the more strict requirements of Ark. R. Civ. P. 4 if the letter was marked refused. *See Meeks v. Stevens*, 301 Ark. 464, 785 S.W.2d 18 (1990). We note further that there is no contention that appellant was not informed of the possible sanctions to be imposed on him; however, testimony was presented that suggested he had little interest in maintaining his license.

■ Appellant argues that the statute of limitations had run before the Board commenced its action, but this argument was not presented to the board, and it is by no means certain that the statute would have barred the action if it had been properly raised and developed for appeal. We find no error in the trial court's finding that this issue was not preserved for appeal.

■ Finally, the appellant argues that the failure of the Chairman of the HVACR board to recuse from consideration of the case was so clearly a violation of the provisions of the Administrative Procedures Act that even in the absence of a properly

made and preserved objection, the violation of the principles of the act was so serious as to require us to reverse the Board's decision and send the matter back for further proceedings. During the hearing, the Chairman stated that one of his companies had been called upon to make repairs to correct the faulty installation which appellant would not repair. While we are gravely concerned about the Chairman's participation in the hearing in light of his knowledge of the work at issue, appellant did not preserve this issue for our review, and it is well established that issues must be raised before the administrative body in order to be preserved on appeal. *Ark. Cemetery Bd. v. N. Hills Mem. Gdns.*, 272 Ark. 172, 173, 616 S.W.2d 713 (1981).

Having made no objection to the Board, a statutory procedure remained available to appellant to seek to reopen the hearing for presentation of additional evidence, but no effort was made to pursue this procedure. The Arkansas Administration Procedures Act provides that:

> If, before the date set for hearing, application is made to the court for leave to present additional evidence and the court finds that the evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon any conditions which may be just. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.

Ark. Code Ann. § 25-15-212(f).

■ This court has previously addressed this issue in *Mid-South Rd. Builders, Inc. v. Ark. Contractors Lic. Bd.*, 328 Ark. 630, 946 S.W.2d 649 (1997), where the appellant argued that the circuit court should have called for an evidentiary hearing concerning procedural irregularities at the Board hearing. We declined to allow the appellant in that case to raise the issue for the first time on appeal where the appellant had never requested an evidentiary hearing or moved to present additional evidence pursuant to Ark. Code Ann. § 25-15-212(f). *Mid South Rd. Builders, Inc. v. Ark. Contractors Lic. Bd.*, 328 Ark. 630, 635, 946 S.W.2d 649, 652 (1997).

We hold that the trial court correctly determined that the issues that appellant sought to raise were barred because the issues were not properly preserved for review, and because the civil-rights action was not filed against the proper defendants.

Affirmed.

SMITH, J., not participating.