Michael FEGANS *v.* Larry NORRIS, Director,
Arkansas Department of Correction, and G. David Guntharp,
Assistant Director, Arkansas Department of Correction

01-1233 89 S.W.3d 919

Supreme Court of Arkansas
Opinion delivered November 21, 2002

*Bowden Law Firm, P.A.*, by: *David O. Bowden*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Ryan P. Blue*, Ass't Att'y Gen., for appellees.

P ER CURIAM. Appellant, an inmate in the Arkansas Department of Correction (ADC), filed this civil rights action against appellees in their official and individual capacities. Appellant's alleged causes of action all arose out of a 1998 administrative directive concerning inmate cleanliness and grooming. The appellees moved for dismissal pursuant to Ark. R. Civ. P. 12(b)(6). The Lee County Circuit Court subsequently dismissed the action with prejudice for failure to state a claim. We affirm.

### Background

In 1978, inmates of the ADC filed a class action suit against ADC officials, raising First Amendment challenges to ADC grooming and food policies. On October 24, 1979, the parties entered a mediated settlement agreement. As a result of the agreement, the ADC issued a grooming policy stating that "[t]here shall be no standard hair length or style required[,]" of inmates.

In 1998, the ADC issued a new grooming policy. Administrative Directive (A.D.) 98-04 standardized hair length, prohibited beards, set other hygiene and grooming requirements, and authorized disciplinary action for failure to comply. Members of the 1978 class moved for contempt or breach of the settlement agreement. The United States District Court for the Eastern District of Arkansas, however, refused to find the ADC in contempt. In addition, upon the motion of the ADC officials, the district court terminated the settlement agreement pursuant to the Prison Litigation Reform Act (PLRA) of 1995. On appeal, the United States Court of Appeals for the Eighth Circuit held that the dis-

trict court properly terminated the settlement agreement based on the district court's findings that the settlement agreement failed to meet the standards of the PLRA and that A.D. 98-04 was not unconstitutional. *See Jones v. Mabry*, No. 99-1396 (8th Cir. 1999) (unpublished). In doing so, the court rejected the class inmates' argument that the ADC had violated their procedural due process rights by enacting a new grooming policy before seeking to terminate the settlement agreement. *Id.*

Appellant entered the ADC in 1991. Following the enactment of A.D. 98-04, appellant filed an administrative grievance alleging that application of A.D. 98-04 to him would result in an unconstitutional violation of his religious beliefs. Appellant states that he is a member of the Church of Yahweh, and that his religion requires that his beard and hair not be clipped beyond that allowed within the context of the Bible. Appellant's grievance was denied by the warden, and his administrative appeal was denied as well. The appellant's further administrative grievances allegedly went unanswered. Appellant initiated his civil rights action in May 2000, filing *pro se* a "Request for Declaratory Judgment with Jury Demand." Two amended petitions for declaratory judgment were later filed. Appellant alleged that following the enactment of A.D. 98-04, he was disciplined on a number of occasions for non-compliance, resulting in harassment and intimidation by ADC personnel, the denial of privileges, loss of good time, loss of class status, loss of opportunity for early release, placement in a maximum security unit, placement in isolation, and retaliatory transfers. Appellant raised five claims in his petitions, and requested declaratory judgment, injunctive relief, and monetary damages. Appellees moved to dismiss the action pursuant to Ark. R. Civ. P. 12(b)(6) for a failure to state facts upon which relief can be granted, raising the defenses of sovereign immunity, statutory immunity, and qualified immunity.

The circuit court dismissed appellant's action with prejudice for a failure to state a claim. The circuit court also concluded that the dismissal of appellant's complaint would be considered a strike for purposes of Arkansas Code Annotated § 16-68-607 (Supp. 2001), which provides:

In no event shall an incarcerated person bring a civil. action or appeal a judgment in a civil action or proceeding under the Arkansas indigency statutes if the incarcerated person has on three (3) or more occasions, while incarcerated or detained in any facility, brought an action that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the incarcerated person is under imminent danger of serious physical injury.

## Standard of Review

Both parties submitted exhibits with their pleadings, and the circuit court did not exclude them in dismissing appellant's complaint with prejudice. Pursuant to Ark. R. Civ. P. 12(b) and (c), a motion to dismiss is converted to a motion for summary judgment when matters outside of the pleadings are presented to and not excluded by the court. *Nielsen v. Berger-Nielsen*, 347 Ark. 996, 1003, 69 S.W.3d 414, 418 (2002). Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Id.* Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appellate review, this court determines if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties. *Id.*

## Motion to Dismiss

Appellant claims on appeal that the circuit court erred in dismissing his complaint because appellees were not entitled to immunity in their official or individual capacities. He also argues that AD 98-04 was adopted in violation of the notice and publication requirements of the Administrative Procedures Act. And, he submits that, even if dismissal was proper, his case should be remanded for the entry of an order of dismissal without prejudice

with the time his case has been pending in the courts tolled for the purpose of the running of the statute of limitations. He finally contends that the dismissal of his complaint should not be considered a "strike" for purposes of § 16-68-607.

■ ■ Sovereign immunity is jurisdictional immunity from suit. *Short v. Westark Community College*, 347 Ark. 497, 504, 65 S.W.3d 440, 445 (2002). This defense arises from Article 5, Section 20, of the Arkansas Constitution, which provides: "The State of Arkansas shall never be made a defendant in any of her courts." *Id.* As we stated long ago in *Pitock v. State*, 91 Ark. 527, 535 (1909), "[A] sovereign State cannot be sued except by its own consent; and such consent is expressly withheld by the Constitution of this State." *Id.* In *Brown v. Arkansas State HVACR Lic. Bd.*, 336 Ark. 34, 984 S.W.2d 402 (1999), we pointed out that sovereign immunity provides jurisdictional immunity from suit; where the pleadings show the action is one against the State, the trial court acquires no jurisdiction. *Id.* Unlike subject-matter jurisdiction, however, sovereign immunity can be waived. *Id.* The doctrine makes no distinction between actions in equity and actions at law. *Id.*

Appellant does not dispute that appellees are, in their official capacities, immune to suit for damages. He contends, however, that sovereign immunity fails to prevent the award of declaratory or injunctive relief. As such, the first issue to be resolved is whether appellant's action constitutes a suit against the State. *See Grine v. Board of Trustees*, 338 Ark. 791, 797, 2 S.W.3d 54,58 (1999).

■ ■ While appellant's complaint does not name the State of Arkansas, he sued appellees in their capacities as employees of the State. A suit against a state official in his or her official capacity is not a suit against that person, but rather is a suit against that official's office. *Id. Short*, 347 Ark. at 505, 65 S.W.3d at 445. Even where the State is not named as a defendant, if a judgment for the plaintiff will operate to control the action of the state or subject it to liability, we treat the suit as one against the state. *See id.* at 505, 65 S.W.3d at 446. As appellant's request for relief, if granted, would control the action of the ADC, a state agency, and

subject it to liability, his claims against appellees in their official capacities are barred by Article 5, section 20, of the Arkansas Constitution.

██ ██ Appellant also asserts that appellees are liable personally, and are not entitled to statutory, or qualified, immunity. A motion for summary judgment based upon qualified immunity is precluded only when the plaintiff has asserted a constitutional violation, demonstrated the constitutional right is clearly established and raised a genuine issue of fact as to whether the official would have known that the conduct violated that clearly established right. *Baldridge v. Cordes*, 350 Ark. 114, 119, 85 S.W.3d 511, 514-15 (2002). As applied by this court, the doctrine of qualified immunity is akin to its federal counterpart. *Id.* Thus, an official is immune from suit if his actions did not violate clearly established principles of law of which a reasonable person would have knowledge. *Id.*; *see also, Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

██ ██ This court has recognized that the immunity provided by Ark. Code Ann. § 19-10-305 (Supp. 2001) is similar to that provided by the Supreme Court for federal civil-rights claims. *Id.* The statute provides state employees with statutory immunity from civil liability for non-malicious acts occurring within the course of their employment. *See Grine, supra.* In defining malice, this court has stated:

> "It is true that in law malice is not necessarily personal hate. It is rather an intent and disposition to do a wrongful act greatly injurious to another." *Satterfield v. Rebsamen Ford, Inc.*, 253 Ark. 181, 185, 485 S.W.2d 192, 195 (1972); *see also Stine v. Sanders*, 66 Ark. App. 49, 987 S.W.2d 289 (1999). Malice is also defined as "the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent. . . . A conscious violation of the law . . . which operates to the prejudice of another person. A condition of the mind showing a heart . . . fatally bent on mischief." Black's Law Dictionary, 956-57 (6th ed. 1990). Although the complaint alleges an evil intent in the acts or omissions of the Department, a bare allegation of willful and wanton conduct will not suffice to prove malice. *Beaulieu*, 288 Ark. at 399, 705 S.W.2d at 882.

*Fuqua v. Flowers*, 341 Ark. 901, 905-06, 20 S.W.3d 389, 391 (2000).

▮ The appellee officials are immune from suit in this action because they did not violate clearly established principles of law of which a reasonable person would have knowledge. In this case, appellees submitted the cases of *Jones v. Mabry*, No 99-1396 (8th Cir.1999) (unpublished), and *Williams v. Norris*, No. 00-1877 (8th Cir. 2001) (unpublished), as exhibits to their motion to dismiss. Appellee Norris was a defendant in both those cases, and Appellee Guntharp was a defendant in *Williams*. As such, both appellees were aware that the United States Court of Appeals for the Eighth Circuit had ruled that the ADC did not violate inmates' procedural due process rights in enacting AD 98-04, that AD 98-04 was constitutional, that the 1979 mediated settlement agreement was properly terminated by the United States District Court for the Eastern District of Arkansas, and that First Amendment challenges to prison grooming regulations had repeatedly been rejected by the federal court of appeals. In short, no reasonable prison official, based on the official's knowledge of the above cases litigated in federal court, would have known that they were violating appellant's clearly established constitutional rights. Appellant's conclusory allegations that appellees acted with malice to him when they enacted and enforced AD 98-04 fail to entitle him to relief. Ark. R. Civ. P. 8(a)(1) (requiring that a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief). Accordingly, appellees were immune from suit, and we cannot say that the circuit court erred in dismissing appellant's complaint.

▮ ▮ However, we agree with appellant that the circuit court erred in dismissing his complaint with prejudice. We have explained that summary judgment based upon failure to state a claim upon which relief can be granted is different from summary judgment based upon a lack of disputed material facts, which is the failure to have a claim. *Bushong v. Garman*, 311 Ark. 228, 235, 843 S.W.2d 807, 811-12 (1992). When summary judgment is granted because of failure to state a claim, the dismissal should be

without prejudice in order to afford the plaintiff-appellant a chance to plead further. *Id.* Therefore, the order dismissing appellant's complaint is modified to be without prejudice.

 Finally, we conclude that the circuit court correctly found that the dismissal of appellant's complaint would constitute a "strike" for purposes of § 16-68-607. An action "that fails to state a claim upon which relief may be granted" is specifically identified, along with frivolous and malicious suits, as one that counts toward the limited number of civil actions available to incarcerated persons. Ark. Code Ann. § 16-68-607 (Supp. 2001).

Affirmed as modified.