James B. HANKS, M.P.H., *Pro Se  v.* Jane Marie SNEED, et al.

05-1149                                                235 S.W.3d 883

Supreme Court of Arkansas
Opinion delivered May 18, 2006

[Rehearing denied June 22, 2006.]

*James B. Hanks, M.P.H., pro se,* for appellant.

*Arkansas Department of Health and Human Services,* by: *Robert M. Brech,* for appellees.

R OBERT L. BROWN, Justice. Appellant James B. Hanks appeals, *pro se,* from an order of the circuit court denying his claims for relief relating to denial of his certification to qualify as an Emergency Medical Technician (EMT) and dismissing his complaint. We affirm the dismissal of his complaint.

The following facts are taken from the findings of fact of the Arkansas State Board of Health (the Board) included in its order dated January 22, 2004. The Arkansas Department of Health (ADH) follows the National Registry guidelines for EMTs, which recommend that applicants must first complete a practical skills examination prior to sitting for the written national examination. To qualify as a certified "EMT-Ambulance," an applicant must successfully complete both the Arkansas practical skills examination and the National Registry of EMTs' written examination.

After receiving emergency medical services training from the University of Arkansas Medical Services (UAMS), Hanks was permitted to take the Arkansas practical skills examination conducted by UAMS at the Department of Health on May 23, 2003. Like all other applicants, Hanks was tested by UAMS for (a) patient assessment, (b) splinting skills, and (c) spinal immobilization. He passed only the splinting skills portion of the test and failed the other two segments. Later, on July 30, 2003, Hanks was retested by the ADH for the two portions of the test he had previously failed. Again, Hanks failed to pass these two parts of the exam.

Hanks was informed, prior to taking the second exam, that he could file a grievance or complaint if he felt he had been discriminated against or if there had been some equipment malfunction. Prior to the second exam, he was also informed that any complaints would not be valid after he learned the results of the examination and would not be accepted after he left the site of the examination. Hanks did not file a grievance or complaint regarding the results of the examination either before he learned the

results or prior to leaving the site of the examination. At a later date, however, Hanks complained that he had been discriminated against during the exam. He requested that the decision of the ADH be overturned and that he be allowed to proceed to the written examination. The ADH, however, offered him a re-test with an independent medical observer on September 24, 2003. Hanks declined the re-test and subsequently requested an administrative hearing of the ADH decision.

A hearing was held before the ADH Subcommittee, and following that hearing, the Subcommittee issued findings of fact, conclusions of law, and an order denying Hanks's claim. After an appeal to the Board, the Board concluded by order entered on January 22, 2004, that the ADH had complied with the Emergency Medical Services Act and the *Rules and Regulations for Emergency Medical Services* of the Board. The Board, in that order, upheld the decision of the Subcommittee, finding that Hanks did not pass the practical skills examination for patient assessment and spinal immobilization. Further, the Board unanimously accepted the recommendations of the Subcommittee and ordered that Hanks be given an opportunity to retest with a neutral observer agreed to by the parties.[1]

Hanks declined retesting and filed a complaint in circuit court alleging multiple causes of action against thirty-six named defendants as well as the Office of Emergency Medical Services and Trauma Systems of the ADH.[2] Thereafter, the defendants filed motions to dismiss based on failure to state a claim for relief under Arkansas Rule of Civil Procedure 12(b)(6) as well as sovereign and statutory immunity. On September 2, 2004, the circuit court found that Hanks had failed to present a complaint with ordinary and concise language of facts showing that the court had jurisdiction, that venue was proper, and that the plaintiff was entitled to relief, as required by Arkansas Rule of Civil Procedure 8(a), and ordered Hanks, if he elected to file an amended complaint, to state the cause of action, law, and requested remedy for each defendant. The court granted the portions of the motions to dismiss made pursuant to Arkansas Rule of Civil Procedure 12(b)(6), without prejudice. The court also granted Hanks an additional ten days

---

[1] The Board's order was signed by its President, Jane Sneed, M.D., who is an appellee in this case.

[2] The named defendants were all listed as being associated with either the Board or the ADH.

from the date of the hearing to file an amended pleading that complied with Rule 8(a). Finally, the court stated that the defendants would not be required to submit additional motions to dismiss, but if they chose to do so, they must do so within a specified time period.

Hanks filed an amended complaint on September 9, 2004. On January 12, 2005, he moved for default judgment against the defendants for failure to respond to his amended complaint. Following a hearing on defendants' motions to dismiss as well as Hanks's motion for default judgment, the circuit court entered an order dismissing Hanks's suit with prejudice. The court made the following findings and conclusions of law:

1. Plaintiff has failed to present his Complaint and Amended Complaints in ordinary and concise language of facts showing that the Court has jurisdiction of the claim and is the proper venue and that Plaintiff is entitled to relief, as required by Ark. R. Civ. P. Rule 8(a). Therefore, the Court finds that those portions of Defendants' motions made pursuant to Rule 12(b)(6) are granted.

2. The Court has reviewed the Defendants' Motions to Dismiss based on sovereign and statutory immunities afforded the parties and hereby finds that all Defendants are entitled to immunity and, therefore, the Complaint and Amended Complaints are hereby dismissed with Prejudice.

3. The Court further finds based on the admission by the Plaintiff that the Estate of Dr. Fay Boozman has not been joined as a party to the matter, or substituted as a party, that Plaintiff's Motion for Default Judgment is hereby dismissed with prejudice.

4. After consideration of the pleadings, transcript and all exhibits attached thereto, the Court finds that the Findings of Fact, Conclusions of Law and Order of the Arkansas Board of Health entered on January 22, 2004, are hereby affirmed in accordance with the Administrative Procedure Act since the Findings are not:

a. in violation of constitutional or statutory provisions;

b. in excess of the agency's statutory authority;

c. made upon unlawful procedures; ...

d. affected by other error or law; [or]

e. arbitrary, capricious, or characterized by abuse of discretion, but rather they are supported by substantial evidence in the record. Ark. Code Ann. § 25-15-212(h).

The court also ordered Hanks to pay all costs for transcription of the record before the Board, including the invoiced amount of $1926.72 that was associated with the appeal and litigation in accordance with Ark. Code Ann. § 25-15-212(d)(2) (Repl. 2002).

Hanks now raises sixteen points on appeal. His points of appeal all relate either to (1) the Board's order, which concluded that ADH had complied with applicable statutes and rules, and which upheld the denial of EMT certification for Hanks; or (2) the circuit court's dismissal of his complaint due to Rule 12(b)(6) and the immunity of the named defendants/appellees. With respect to the circuit court's dismissal order, if all of the defendants/appellees are immune from Hanks's causes of action and claims for relief, the circuit court acquired no jurisdiction over them, and the other points raised relating to those appellees need not be addressed. Accordingly, we will address the immunity point first. We recognize that the circuit court, alternatively, dismissed under Rule 12(b)(6) and Rule 8(a). We choose, nonetheless, to consider the immunity point.

We first consider our standard of review. The circuit court specifically stated in one portion of its order that it had considered the "pleadings and arguments." Attached to the motion to dismiss by the University of Arkansas were affidavits filed by appellees Rinehart and Bercher. The circuit court is presumed to have read the motion with attachments that resulted in its order. Because this proof is outside the complaint, the motion to dismiss was converted to a motion for summary judgment for appellees Rinehart and Bercher. *See* Ark. R. Civ. P. 12(b) and Ark. R. Civ. P. 56(c); *see also Fegans v. Norris*, 351 Ark. 200, 89 S.W.3d 919 (2002) (holding that a motion to dismiss is converted to a motion for summary judgment when matters outside the pleadings are presented to and are not excluded by the court). No comparable examination of proof appears to have occurred for the dismissal of the other appellees.

Our standard of review for summary judgment follows:

> Summary judgment is appropriate when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. On appellate review, this court determines if summary judg-

ment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. This court views the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. Our review focuses not only on the pleadings, but also on the affidavits and other documents filed by the parties.

*Fegans*, 351 Ark. at 205, 89 S.W.3d at 923 (internal citations omitted). Our standard of review for a grant of dismissal under Rule 12(b)(6) has recently been set out by this court:

We review a trial court's decision on a motion to dismiss by treating the facts alleged in the complaint as true and by viewing them in the light most favorable to the plaintiff. In viewing the facts in the light most favorable to the plaintiff, the facts should be liberally construed in plaintiff's favor. Our rules require fact pleading, and a complaint must state facts, not mere conclusions, in order to entitle the pleader to relief.

*Biedenharn v. Thicksten*, 361 Ark. 438, 441, 206 S.W.3d 837, 840 (2005) (internal citations omitted).

We turn then to the appellees' claim of immunity and the circuit court's finding that such was the case. Hanks contends that the appellees are subject to the federal Civil Rights Act and the Arkansas Civil Rights Act and are not protected by any category of immunity. He further claims that "[his] civil rights were clearly violated when the defendants knowingly subjected [him] to the 'Arkansas EMT Practical Examination' ultra vires and illegally, an examination strictly based on an expired and improperly approved rule and regulation and further maintained the 'Arkansas EMT Practical Examination' as a condition to be allowed to sit for the legitimate NREMT National EMT Written Examination." He concludes by adding that "[b]y having illegitimately 'failed' [him]" on the Arkansas practical exam, "[his] reputation was impugned and the U.S. Supreme Court has ruled that such acts, as [he has] described, that impugn reputation and its facet interests automatically trigger civil rights violations under 42 U.S.C. § 1983." According to Hanks, the circuit court erred in dismissing his case on this basis.

This court has announced the following principles regarding sovereign immunity:

Sovereign immunity is jurisdictional immunity from suit. This defense arises from Article 5, Section 20, of the Arkansas Constitution, which provides: "The State of Arkansas shall never be made a defendant in any of her courts." As we stated long ago in *Pitcock v. State*, 91 Ark. 527, 535, 121 S.W. 742 (1909), "[A] sovereign State cannot be sued except by its own consent; and such consent is expressly withheld by the Constitution of this State." In *Brown v. Arkansas State HVACR Lic. Bd.*, 336 Ark. 34, 984 S.W.2d 402 (1999), we pointed out that sovereign immunity provides jurisdictional immunity from suit; where the pleadings show the action is one against the State, the trial court acquires no jurisdiction.

*Fegans*, 351 Ark. at 206, 89 S.W.3d at 923-24 (internal citations omitted).

This court has also held that "[a] suit against a state official in his or her official capacity is not a suit against that person, but rather is a suit against that official's office." *Id.* at 206, 89 S.W.3d at 924. This court has further said that even if the State is not named as a defendant in a case, "if a judgment for the plaintiff will operate to control the action of the state or subject it to liability, we treat the suit as one against the state." *Id.; see also Grine v. Bd. of Trs.*, 338 Ark. 791, 798, 2 S.W.3d 54, 59 (1999) (holding that sovereign immunity bars a suit that names the Board of Trustees of a State University and where it is apparent on the face of the complaint that the relief requested will implicate the State's authority and financial resources); *but see Fed. Maritime Comm'n v. South Carolina State Ports Auth.*, 535 U.S. 743 (2002) (holding that "sovereign immunity applies regardless of whether a private plaintiff's suit is for monetary damages or some other type of relief").

■ The individual appellees listed as defendants in Hanks's complaint are all employees of the State. As such, the claims against them in their official capacities are the same as an action against the State. Hanks's complaint against the appellees also specifically requested money damages from each individual named, meaning that the lawsuit implicates the State's financial resources. In sum, we hold that the claims against all the appellees in their official capacities are barred by the Sovereign Immunity Clause of the Arkansas Constitution.

■ The appellees are also entitled to statutory immunity under the following statutory provision, which grants state employees statutory immunity from civil liability for non-malicious acts which occur within the course of their employment:

(a) Officers and employees of the State of Arkansas are immune from liability and from suit, except to the extent that they may be covered by liability insurance, for damages for acts or omissions, other than malicious acts or omissions, occurring within the course and scope of their employment.

Ark. Code Ann. § 19-10-305(a) (Supp. 2005). In defining malice under § 19-10-305(a), this court has said:

It is true that in law malice is not necessarily personal hate. It is rather an intent and disposition to do a wrongful act greatly injurious to another. Malice is also defined as the intentional doing of a wrongful act without just cause or excuse, with an intent to inflict an injury or under circumstances that the law will imply an evil intent.... A conscious violation of the law ... which operates to the prejudice of another person. A condition of the mind showing a heart . . . fatally bent on mischief.

*Fegans,* 351 Ark. at 207, 89 S.W.3d at 924-25 (internal quotations and citations omitted). This court has further held that "a bare allegation of willful and wanton conduct will not suffice to prove malice." *Id.* at 207, 89 S.W.3d at 925.

 It is patently obvious to this court that Hanks failed to allege liability coverage or show that the appellees committed any malicious act or omission in the course of their employment, as required by Ark. Code Ann. § 19-10-305(a). Furthermore, other than a bald allegation that his civil rights claims trump immunity for state employees under our Arkansas Constitution and state statutes, he cites to no convincing authority and makes no persuasive argument to support his position. We decline to develop this point for Hanks. *See Rainey v. Hartness,* 339 Ark. 293, 304, 5 S.W.3d 410, 418 (1999) (holding that "we do not consider assertions of error that are unsupported by convincing legal authority or argument, unless it is apparent without further research that the argument is well taken").

 We conclude that the circuit court did not err in holding that the appellees were entitled to both sovereign immunity and statutory immunity in this case. Accordingly, the grant of a Rule 12(b)(6) dismissal due to lack of jurisdiction based on immunity was proper for all appellees but appellees Rinehart and Bercher. With respect to Rinehart and Bercher, we treat the order

as one for summary judgment for reasons already stated and affirm the circuit court's ruling in that regard.

■ Hanks also raises objections about the representation of the Fay Boozman Estate by DHS attorney, Rick Hogan. We agree with the circuit court that the Estate has never been substituted as a party in this matter. For that reason, this issue is not properly before us.

■ With respect to the following points, Hanks did not obtain a specific ruling from the circuit court:

1. His motion for default judgment against all named defendants.

2. Legality of Rules and Regulations for Emergency Medical Services.

3. Due process and equal protection violations.

4. Freedom of Information Act violation.

5. Fundamental rights violations.

6. Credibility of circuit court.

7. Legality and propriety of the Practical Examination.

Because there is no specific ruling by the circuit court for this court to review for each of these issues, we will not consider these issues in connection with the circuit court's order. *See Arkansas Wildlife Fed'n v. Arkansas Soil & Water Conservation Comm'n*, 366 Ark. 50, 233 S.W.3d 615 (2006) (holding that to preserve arguments for appeal, including constitutional arguments, the appellant must obtain a ruling below).

We turn next to the decision of the Board to deny Hanks his EMT certification. When this court engages in judicial review of an agency decision, we review the decision of the agency and not that of the circuit court. *See, e.g., Teston v. Arkansas State Bd. of Chiropractic Exam'rs*, 361 Ark. 300, 206 S.W.3d 796 (2005).

■ Again, we do not find where the Board decided the individual issues now raised by Hanks in his appeal. Certainly, the Board made no specific finding on the legality of its Rules for Emergency Medical Services. It simply made the statement that

the ADH has *complied* with its rules in rendering its decision. Nor did the Board make a finding on the Freedom of Information Act or alleged constitutional violations such as equal protection or due process violations. Accordingly, there is no ruling or order for this court to review, and we will not address these points. *See Arkansas Contractors Licensing Bd. v. Pegasus Renovation Co.*, 347 Ark. 320, 64 S.W.3d 241 (2001) (holding that an appellant must obtain a ruling from the Board in order to preserve an argument, even a constitutional one, for an appeal from an administrative proceeding). We have held many times that it is the appellant's obligation to raise such matters first to the administrative agency and obtain a ruling. *See id.*

■ Hanks does raise the issue of the legality and propriety of the practical examination which he was required to take. We consider this point to be a contest of "unlawful procedures" by the Board as provided under the Administrative Procedure Act (APA). *See* Ark. Code Ann. § 25-15-212(h)(3) (Repl. 2002). Under this point, he maintains that his equal protection rights were violated because the same standard size patient was not used for testing each EMT candidate. We refuse to consider this argument, because Hanks fails to provide convincing argument or convincing authority to support his claim. *See, e.g., Rainey, supra.*

Hanks also claims that the state's employees and agents involved in this case were not credible. He concludes that he was, in fact, the only credible witness concerning what occurred and argues that the circuit court erred in not allowing him to proceed with the national test. He specifically contends that the testimony of the State's only two witnesses under oath, appellees David Taylor and Detrich Smith, was very different in direct examination from what it was in his cross-examination of the same witnesses. He maintains that there were other testimonial discrepancies, but he fails to describe them. He also notes that appellee David Taylor "had significant background discrepancies in his official state personnel folder," which Hanks obtained under the provisions of the Arkansas Freedom of Information Act.

■ This court has often concluded that, under the APA, "[i]t is the prerogative of the board to believe or disbelieve any witness and to decide what weight to accord the evidence." *Teston*, 361 Ark. at 305, 206 S.W.3d at 799. Because this court defers to the Board's decisions regarding the credibility of witnesses,

Hanks's argument is wholly without merit and warrants no further consideration by this court. *See id.*

As was the situation with the circuit court, Hanks obtained no ruling from the Board on the legality of the operable rules used by ADH in his practical examination. Accordingly, we do not consider this issue. *See Arkansas Contractors Licensing Bd., supra.*

We affirm the circuit court's dismissal pursuant to Rule 12(b)(6) for all appellees except for appellees Rinehart and Bercher. We treat the dismissal of appellees Rinehart and Bercher as summary judgment and affirm the circuit court. We affirm the decision of the Board upholding the decision of ADH that Hanks did not pass the practical skills examination.

Affirmed as modified.