**Darlene STEEL, et al.   Plaintiffs**

v.

**ALMA PUBLIC SCHOOL DISTRICT; Charlie Dyer, in his Individual and Official Capacity as Superintendent [1] of the Alma School District; Nancy Hawkins, Charles Baker, Richard Craft, Ron Haught, Mike Higgins, Paul Winborn, Randy Coleman, and Terry Fimple, in their Official Capacity as School Board Members; Arkansas Department of Education; and Raymond Simon, in his Official Capacity as Director of the Arkansas Department of Education   Defendants**

No.  CIV.  00–2248.

United States District Court,
W.D. Arkansas,
Ft. Smith Division.

May 22, 2001.

1.  Plaintiffs have identified Dyer as the principal of the school district, but he is actually the superintendent.

tendent of the Alma School District, in his individual and official capacity; the members of the Alma School Board, in their official capacity; the Arkansas Department of Education; and the Director of the Arkansas Department of Education, in his official capacity. Plaintiffs assert claims under Title VI, Title IX, 42 U.S.C. § 1983, and the Arkansas Civil Rights Act. Plaintiffs allege that their African–American children have been subjected to a racially hostile environment in the Alma Public School District and that they have made numerous complaints to the superintendent, school board members, and the Department of Education, but the problems have never been addressed and therefore never resolved. Plaintiffs seek damages and declaratory and injunctive relief. (Doc. 1.)

Defendants move to dismiss, contending they are immune from suit on certain of Plaintiffs' claims and that Plaintiffs have failed to state a cause of action on the remaining claims. (Docs.5–6, 8–9.) Defendants also move the Court to not consider Plaintiffs responses to the motions to dismiss, asserting that the responses were untimely. (Doc. 15.)

### Timeliness of Plaintiffs' responses

■ Plaintiffs' counsel indicates that because of his change of address, there was a delay in his receipt of the motions to dismiss and that he moved to extend the time to respond to one of the two motions. (Docs.12, 19.) The Court finds that Plaintiffs have shown adequate cause for their failure to respond in a timely manner and will consider Plaintiffs' responses as timely. See Fed.R.Civ.P. 6(b) (court for cause shown may enlarge time limits). The Defendants' motion to disregard the responses is denied and the Court will consider the motions to dismiss on their merits.

Rickey H. Hicks, Hicks Law Office, Little Rock, AR, for Plaintiffs.

O. Ben Core, Daily & Woods, P.L.L.C., James M. Llewellyn, Jr., Thompson & Llewellyn, P.A., Fort Smith, AR, Mark L. Pryor, Attorney General, Sammye L. Taylor, Anthony Gaston Black, Brian G. Brooks, Anita P. Leonard, Attorney General's Office, Little Rock, AR, for Defendants.

### ORDER

DAWSON, District Judge.

Plaintiffs bring this action against the Alma Public School District; the Superin-

## Title IX Claims

Title IX prohibits discrimination on the basis of sex by educational institutions receiving federal funds. *See* 20 U.S.C. § 1681. Plaintiffs' allegations are based on race, not sex, discrimination. Sex is not mentioned or suggested and Plaintiffs' Title IX claims are therefore dismissed from this suit.

## Title VI Claims

■ Title VI prohibits discrimination on the basis of race by any program that is a recipient of federal funds. *See* 42 U.S.C. § 2000d. The Eighth Circuit has held, in the Title IX context, that school officials may not be sued in their individual capacities. *See Kinman v. Omaha Pub. Sch. Dist.*, 171 F.3d 607, 610–11 (8th Cir.1999). As Title IX and Title VI are parallel to each other and operate in the same manner, *see Gebser v. Lago Vista Independent Sch. Dist.*, 524 U.S. 274, 286, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998), this rule applies in the Title VI context. Plaintiffs' Title VI claims against the superintendent in his individual capacity therefore fail and are dismissed from this suit.

In their complaint, Plaintiffs name no other defendants in their individual capacity, but in their response to the motion to dismiss, Plaintiffs assert that the Director of the Department of Education acted in violation of Plaintiffs' rights "as both a person and in his official capacity." (Doc. 11 at 1.) Plaintiffs, however, have not sought to amend their complaint to sue the Director in his individual capacity. Their complaint can therefore only be construed as asserting an official-capacity claim. *See Murphy v. State of Arkansas*, 127 F.3d 750, 754–55 (8th Cir.1997) (individual-capacity claims must be clearly pleaded). Even if Plaintiffs had asserted an individual-capacity Title VI claim against the Director, as reflected above, such a claim would be subject to dismissal.

■ With regard to Plaintiffs' official-capacity Title VI claims, only those Defendants who exercise administrative control over programs and activities within the school district can be held liable in their official capacity. *See Smith v. Metropolitan Sch. Dist. Perry Township*, 128 F.3d 1014, 1020–21 & n. 2 (7th Cir.1997). Under Arkansas statutory law, the superintendent, school board members and the Director of the Department of Education exercise such control. *See* Ark.Code Ann. §§ 6–11–105; 6–13–109; 6–13–620. Accordingly, Plaintiffs have a viable Title VI claim against these Defendants in their official capacity. *See Smith*, 128 F.3d at 1020–21.

## Section 1983 and Arkansas Civil Rights Act Claims

■ Only "persons" can be sued under section 1983 and the Arkansas Civil Rights Act (ACRA). The Supreme Court has held that State agencies are not "persons." *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Plaintiffs' section 1983 and ACRA claims against the Department of Education are therefore dismissed from this suit. Plaintiffs' section 1983 and ACRA damages claim against the Director of the Department of Education in his official capacity are likewise dismissed on the same grounds. *See Murphy*, 127 F.3d at 754 (state officials are not persons under 1983 when sued for damages in their official capacities). However, the Director is a person within the meaning of section 1983 and ACRA and is subject to suit on Plaintiffs' claims against him in his official capacity for the injunctive and declaratory relief sought in the complaint. *See id.*

## Conclusion

Based on the foregoing, Plaintiffs' motion for an extension of time (Doc. 12) is hereby GRANTED and Defendants' mo-

tion to disregard Plaintiffs' responses (Doc. 15) is DENIED and the Court has considered the responses. Defendants' motions to dismiss (Docs.5, 8) are GRANTED in part as follows: Plaintiffs' Title IX claims are dismissed as against all Defendants; Plaintiffs' Title VI claims against Superintendent Charlie Dyer in his individual capacity are dismissed; Plaintiff's section 1983 and ACRA claims against the Department of Education are dismissed; and Plaintiff's section 1983 and ACRA claims for damages against Director Raymond Simon are dismissed. The claims remaining within this litigation are (1) Title VI claims against Superintendent Dyer in his official capacity, the school district, the school board members in their official capacity, the Department of Education, and Director Simon in his official capacity; (2) Section 1983 and ACRA claims for damages and declaratory and injunctive relief against the school district, Superintendent Dyer in his individual and official capacity, and the school board members in their official capacity; and (3) Section 1983 and ACRA claims for declaratory and injunctive relief against Director Simon in his official capacity.

If discrimination, as alleged by the Plaintiffs, exists, this matter should be resolved immediately insofar as possible. However, by the same token, if the allegations of discrimination cannot be proven, this matter needs to be dismissed promptly, as the pendency of these allegations have, no doubt, cast a shadow over the school system. Accordingly, this case has been set for trial during the week of November 5, 2001, and the Court expects both sides to be fully prepared and ready for trial at that time, as this matter must be concluded as soon as possible for the mutual best interests of all parties.