John DOE, a minor by his mother and next friend, Jane DOE, Plaintiff.

v.

Carl BARGER, et al., Defendants.

No. 4:01CV00196GH.

United States District Court,
E.D. Arkansas,
Western Division.

March 25, 2002.

Johnson D. Ogles, Ogles Law Firm, Jacksonville, AR, Steven J. Hughes, Chicago, IL, for plaintiff.

Colette Dodson Honorable, Arkansas Attorney General's Office, Little Rock, AR, for defendants.

## ORDER

GEORGE HOWARD, JR., District Judge.

Plaintiff, a minor, alleges that while a student at the Arkansas School for the Deaf ("ASD"). he was subjected to unwanted sexual advances and inappropriate touching by defendant Byron Caldwell, who was employed as Director of Student Life of the ASD.

While plaintiff asserts a number of causes of action, the gravamen of his complaint is that defendants are liable for failing to protect plaintiff from the mistreatment he received, and for failing to ensure that plaintiff is provided a school environment free from sexual molestation and harassment. He further alleges that as a result of the abusive education environment and conduct of defendants, plaintiff withdrew from the ASD and enrolled in the Sheridan Public School System, but that he is receiving an inadequate education there. He also states that he has reapplied for admission to ASD. Plaintiff seeks compensatory and punitive damages.

Plaintiff has brought claims under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act, Title IX, the Individuals with Disabilities Education Act ("IDEA"), and the Arkansas Civil Rights Act ("ACRA"). Plaintiff has sued Caldwell in-dividually and in his official capacity, Carl Barger, individually and in his official capacity as Superintendent, and the State of Arkansas. Defendants have filed motions to dismiss. The Court will address each of the motions, attempting to set forth those claims which are properly brought.

In considering the motions to dismiss, the Court is guided by the standard that it should dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) only if it appears that, after considering the allegations and all reasonable inferences flowing therefrom, that plaintiff can prove no set of facts in supports of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

*Plaintiff's IDEA Claim*

Defendants contend that plaintiff's complaint must be dismissed for failure to exhaust administrative remedies under the IDEA. The IDEA is a comprehensive statute that seeks to ensure that children with disabilities have a free appropriate public education designed to meet their needs and prepare them for employment and independent living. 20 U.S.C. § 1400(d)(1)(A). In order to receive federal funds, states must have procedures to ensure that children with disabilities and their parents are guaranteed certain procedural safeguards, such as the right to file complaints with the school, the right to an impartial due process hearing to be conducted by the state or local educational agency, and the right to seek judicial review of an unfavorable decision. *See generally* 20 U.S.C. § 1415; *Frazier v. Fairhaven School Committee*, 276 F.3d 52, 58–59 (1st Cir.2002)

█ Exhaustion of administrative remedies is required before filing a civil action. *See* 20 U.S.C. §§ 1415(i)(2), 1415(*l*). However, exhaustion is not required if the plaintiff can establish that the agency has

adopted an unlawful general policy which would make resort to the administrative remedies futile, or that the administrative remedies would fail to provide relief. *Rose v. Yeaw*, 214 F.3d 206, 211 (1st Cir.2000).

■ The question of whether exhaustion is required in this instance is not easily resolved. Resolution of the issue in this case is made difficult not only by plaintiff's response to the motion to dismiss but by the allegations in plaintiff's complaint. Plaintiff appears to argue that exhaustion would be futile, as the ASD is the only institution in the state to provide educational services to the deaf. As such, plaintiff argues, it is readily apparent that ASD is an appropriate public education and therefore requiring plaintiff to pursue the administrative process under the IDEA for readmission was not necessary. However, plaintiff seems to imply that he seeks additional remedial relief in the nature of educational benefits which would be addressed under the IDEA. ("Because the Sheridan Public School System cannot provide an adequate education, the Plaintiff has been forced to reapply for admission to [ASD]. Upon admission, Defendants Byron Caldwell and Carl Barger should be enjoined and restrained from having any contact with the Plaintiff." para. 66 of Complaint, Document no. 1)

Thus, plaintiff does not appear to limit the relief he requests merely to monetary damages. Here, plaintiff is still in school and desires certain educational benefits under the IDEA.

To the extent plaintiff seeks monetary damages for pain, suffering, and emotional distress, as well as punitive damages he is precluded from obtaining such relief pursuant to prevailing Eighth Circuit law.

*See Birmingham v. Omaha School Dist.*, 220 F.3d 850, 856 (8th Cir.2000) (general and punitive damages not available under the IDEA) [1].

To the extent plaintiff seeks relief under the IDEA for certain educational benefits, the Court is not persuaded that plaintiff has demonstrated that exhaustion would be futile. He is still a student, seeks admission to ASD and seeks additional benefits from the institution. Therefore, the Court finds that the claim should be dismissed for failure to exhaust. Furthermore, the need to develop an appropriate program for plaintiff is one of the rationales for the exhaustion requirement. *See e.g., Eads v. Unified Sch. Dist. No. 289, Franklin County, Kansas*, 184 F.Supp.2d 1122, 1133 (D.Kan.2002) (important purposes of exhaustion requirement include allowing agency to develop factual record and apply its expertise, as well as promoting accuracy and judicial economy by allowing agency opportunity to correct its own mistakes).

■ Defendants argue that plaintiff's failure to exhaust administrative remedies under the IDEA also strips the Court of jurisdiction as to his Section 504 and ADA claims. Defendants rely on Section 1415(*l*) which provides:

Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C.A. § 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C.A. § 791 et seq.], or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil

---

**1.** There is a split in the circuits as to whether monetary damages are available under the IDEA. For a recent analysis of the state of the law, *see* Terry Jean Seligmann, A Diller, A Dollar: Section 1983 Damage Claims in Special Education, 36 Ga.L.Rev. 465 (2002). The author opines that monetary damages are not available under the IDEA. She notes that other tort, constitutional and statutory remedies exist to compensate plaintiffs.

action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

Exhaustion is required if plaintiff is seeking relief which is available under the IDEA. *See Padilla v. Sch. Dist. No. 1 in Denver, Colorado,* 233 F.3d 1268, 1274 (10th Cir.2000). "In essence, the dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA's administrative procedures and remedies." *Id.*

Here, plaintiff seeks not only remedial relief available under the IDEA, but damages for the alleged bodily harm and emotional harm he suffered. Generally, the Court would find that exhaustion is not required in this instance. *See Id.* (where plaintiff seeking damages to redress physical injuries she suffered as result of alleged ADA violations, court failed "to see how the IDEA's administrative remedies, oriented as they are to providing prospective educational benefits, could possibly begin to assuage Plaintiff's several physical and completely non-education, injuries.").

However, as discussed below, the relief to which plaintiff would be entitled under the ADA is extremely limited. The claims under Title II of the ADA for money damages against the State and the defendants in their official capacity are claims against the State itself. In *Bd. of Trs. v. Garrett,* 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001), the Supreme Court held that Congress did not validly abrogate the states' Eleventh Amendment immunity from suit for money damages under Title I of the ADA. Thus, to the extent plaintiff seeks monetary damages under the ADA, his claim is barred. *See Grey v. Wilburn,* 270 F.3d 607, 609 (8th Cir.2001). Addi-

tionally, plaintiff's ADA claim against defendants in their individual capacity is barred. *See Alsbrook v. City of Maumelle,* 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (no individual liability under Title II); *Mason v. Stallings,* 82 F.3d 1007, 1009 (11th Cir.1996) (ADA does not provide for individual liability).

Plaintiff also seeks prospective relief, in that he asks for a restraining order against Caldwell and Barger. The remedy available to plaintiff under the ADA, that of enjoining the defendants in their interaction with plaintiff while he is a student at the ASD, as well as any claim for future services are the type of relief which the administrative process of the IDEA should address when considering appropriate educational programming for plaintiff. Thus, the Court finds that plaintiff's claim under the ADA as well as plaintiff's IDEA claim must be dismissed for failure to exhaust administrative remedies.

*Plaintiff's Section 504 Claim:*

■ The State of Arkansas has waived its immunity with respect to section 504 suits to the extent the particular state agency has accepted federal funds. *See Jim C. v. United States,* 235 F.3d 1079, 1081 (8th Cir.2000) (Arkansas waived sovereign immunity with respect to suits under Section 504 against the Department of Education). At this point the record is unclear as to whether the ASD receives federal funds. However, considering the allegations in the complaint in the light most favorable to plaintiff, the Court cannot find at this time that ASD does not receive federal funds. Therefore, the Court denies the motions to dismiss the Section 504 claim against the individual defendants in their official capacities. The Section 504 claim against the defendants in their individual capacities is dismissed. *See Garcia v. S.U.N.Y., Health Sciences Ctr. of Brooklyn,* 280 F.3d 98, 107 (2d

Cir.2001) (§ 504 of the Rehabilitation Act does not provide for individual capacity suits against state officials).

## § 1983

A Section 1983 suit for damages cannot be brought against the State or the defendants in their official capacity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 70–71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (state and its agencies are not "persons" within meaning of § 1983). Thus, plaintiff's § 1983 claim against the State of Arkansas, and against the two defendants in their official capacity is barred by sovereign immunity.[2] *See Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir.1997). However, to the extent plaintiff seeks injunctive relief, he has stated a claim for such under § 1983 against the individual defendants in their official capacities.

Section 1983 may be used to enforce constitutional rights as well as statutory rights. "An exception to this general rule exists when a comprehensive remedial scheme evidences a congressional intent to foreclose resort to section 1983 for remedy of statutory violations." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1011 (8th Cir. 1999).

The Court is not persuaded that the ADA's or Section 504's comprehensive remedial scheme bars plaintiff's § 1983 claim against the defendants in their individual capacities. Here, plaintiff asserts a due process violation based on his constitutionally protected right to be free from bodily harm and sexual molestation and abuse. Plaintiff has stated a valid cause of action under the Due Process Clause of the 14th Amendment which is separate and independent of plaintiff's statutory claims. *See Kinman v. Omaha Pub. Sch. Dist.*, 171 F.3d 607, 611 (8th Cir.1999). The Court therefore finds that plaintiff's substantive due process claim under § 1983 is not barred.

Thus, plaintiff can proceed with his § 1983 claim for damages against defendants in their individual capacities. His claim for damages against defendants in their official capacity and against the State of Arkansas is dismissed.

## Title IX

Title IX prohibits discrimination on the basis of sex in any education program or activity receiving federal money. 20 U.S.C. § 1681(a). Title IX is enforceable through an implied private right of action, in which monetary damages are available. *Franklin v. Gwinnett County Pub. Schools*, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992). Plaintiff acknowledges that Barger and Caldwell cannot be sued in their individual capacities under Title IX. *Kinman v. Omaha Pub. Sch. Dist.*, 171 F.3d 607, 611 (8th Cir.1999) (no Title IX action against person in individual capacity).

It is clear that Congress has abrogated the state's Eleventh Amendment immunity from Title IX lawsuits. *Franks v. Kentucky Sch. for the Deaf*, 142 F.3d 360 (6th Cir.1998). The States argues that a Title IX claim cannot be asserted against it.

Title IX provides that no person shall be excluded from participation in, denied benefits or, or be discriminated against on the

---

2. In support of his argument that plaintiff can maintain a § 1983 action against the State, plaintiff relies on *Monell v. Dept. of Soc. Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *Monell* and its progeny deal with *municipal* liability, and the necessity of establishing a policy or custom to hold a *municipality* liable. It has absolutely nothing to do with the state's liability and the doctrine of sovereign immunity under the Eleventh Amendment.

basis of sex by any educational program or activity receiving Federal financial assistance. 20 U.S.C. § 1681(a). The majority of courts have concluded that only a grant recipient can be liable under Title IX. *Smith v. Metropolitan Sch. Dist. Perry Township,* 128 F.3d 1014, 1018 (7th Cir. 1997).

 The difficult question in this instance is who is the proper defendant. The State contends that it is not the grant recipient. Arguably, the ASD (or its Board of Trustees) is, but it is not named as a defendant. Rather, plaintiff has sued the Superintendent in his official capacity. Suits against school officials in their official capacity are treated as suits against the school district or the entity itself. *See Kinman v. Omaha Pub. Sch. Dist.,* 171 F.3d 607, 609 n. 1 (8th Cir.1999). *But see Smith,* 128 F.3d at 1020–21 (looking at state law to determine who has administrative control over school, court found that neither principal nor assistant principal can be considered grant recipient and Title XI claim against them in official capacity fails). *See also Steel v. Alma Pub. Sch. Dist.,* 162 F.Supp.2d 1083, 1085 (W.D.Ark. 2001) (only defendants who exercise administrative control over programs and activities within school district can be liable in official capacity under Title VI).

Under Arkansas law, the Board of Trustees is charged with the management and control of the ASD and exercises "such powers of supervision and control as are not specifically reserved to the superintendent." Ark.Code. Ann. § 6–43–102. The superintendent is entrusted with the immediate conduct and management of the ASD. The superintendent is required to give his or her "entire time to the management and operation" of the institution. Ark.Code Ann. 6–43–103. It is clear, un-

der Arkansas law, that Barger, as Superintendent of the ASD, can be considered a grant recipient and therefore liable in his official capacity under Title IX.[3] The Court, however, is persuaded that plaintiff has not stated a claim against the State of Arkansas under Title IX and the Title IX claim against the State of Arkansas, along with the Title IX claim against the defendants in their individual capacity and Caldwell in his official capacity, will be dismissed.

*Pendent State Claim*

 The only state claim mentioned in the complaint is that under the Arkansas Civil Rights Act. To the extent plaintiff seeks relief from the state, his claim under the ACRA is barred by sovereign immunity. *See Brown v. Arkansas State Heating, Ventilation, Air Conditioning and Refrigeration (HVACR), Licensing Bd.,* 336 Ark. 34, 38, 984 S.W.2d 402 (1999) (suit against state and defendants in official capacity under ACRA precluded by sovereign immunity). Thus, plaintiff's ACRA against defendants in their official capacity and against the State of Arkansas will be dismissed.

*Barger's Motion for Summary Judgment and Motion to Extend Disclosure/Briefing Deadlines*

Barger has moved for summary judgment on the basis of qualified immunity. Plaintiff has responded to the motion stating that it is premature and that he needs additional time for discovery. Barger replies that the discovery is not necessary when immunity is asserted as a defense.

The Court, however, is of the opinion that the resolution of the qualified immunity defense requires development of the

---

**3.** Should there be any doubt, the Court will grant plaintiff leave to amend to add the appropriate defendants under Title IX.

facts in this case, and that plaintiff should be given the opportunity to conduct discovery in order to respond. The Court notes that in their motion to extend discovery and motion deadlines, defendants state that the parties have not engaged in discovery pending the Court's ruling the motions to dismiss.

The Court has now addressed the immunity defenses raised in the motions to dismiss. The Court will issue a new scheduling Order setting forth pretrial and motions deadlines and the trial date. In light of the new scheduling order, the Court will deny without prejudice to renew the motion to summary judgment.

Accordingly, the State of Arkansas' motion to dismiss (document no. 7) is granted; Barger's motion to dismiss (document no. 14) is granted in part and denied in part; Caldwell's motion to dismiss (document no 9) is granted in part and denied in part; Barger's motion for summary judgment (document no. 14) is denied without prejudice to renew; the motion to extend disclosure and briefing deadlines (document no. 37) is granted.