Margarita **VIVES**, Nelson Trinidad on their own behalf and on behalf of their son Salvador Trinidad Vives et al., Plaintiffs,

v.

Victor **FAJARDO**, Secretary Department of Education of Puerto Rico, Maria Del C. Reyes, Maria I. Rodriguez, Tania Sabo, et al., Defendants.

Civil No. 00–2496 (JAG).

United States District Court,
D. Puerto Rico.

July 10, 2002.

Nora Vargas–Acosta, Rio Piedras, PR, for Plaintiffs.

Jose R. Cintron–Rodriguez, Yvonne M. Menendez–Calero, Commonwealth Department of Justice Federal Litigation Division, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.[1]

Plaintiffs Margarita Vives, Nelson Trinidad, on their own behalf and on behalf of their son Salvador Trinidad Vives, (collectively, "Plaintiffs") brought this action against the Department of Education of Puerto Rico("DOE"), Education Department Secretary Victor Fajardo ("Fajardo"); Maria del Carmen Reyes ("Reyes"), School Director Rafael Colón Salgado School ("School"), María I. Rodríguez ("Rodríguez"), Social Worker at the School, and Tania Sabo ("Sabo"), Homeroom Special Education Teacher, in their personal and official capacities (collectively, "Defendants") pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12112–12117 ("ADA"), Section 504 of the Rehabilitation Act of 1973; 29 U.S.C. §§ 791 *et seq.* ("the Rehabilitation Act"), the Civil Rights Act of 1964, 42 U.S.C. § 1983, Puerto Rico Law 44, 1 L.P.R.A. § 501, and Article 1802 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3151. Presently before the Court are Defendants's motions to dismiss (Docket Nos. 6 and 12).

For the reasons stated below, the Court grants the motions.

## FACTUAL BACKGROUND

On March 29, 1999, Plaintiffs filed a Discrimination Complaint Letter ("Letter") with the Office of Civil Rights of the United States Department of Education ("OCR"). Plaintiffs alleged that their son had not received speech therapy services, as indicated and recommended in his Individualized Educational Program.

On June 15, 1999, the OCR and the DOE reached a Resolution Agreement ("Agreement"), whereby the DOE would provide Salvador compensatory speech and language services, pursuant to the Rehabilitation Act. On September 27, 1999, Plaintiffs complained to the OCR that the DOE had violated the Agreement and sought assistance from OCR to enforce its terms. As a result, the DOE allegedly unleashed a pattern of retaliation against the Plaintiffs through Reyes, Rodríguez, and Sabo. The retaliatory actions included: limited access to their son's educational records, ignored requests for information, restricted access to school premises, threats to file defamation suits, harassment and intimidation of the parents, and threats to report the parents to the state welfare agency. (Docket No. 1 at 5.) On November 29, 1999, Defendants brought the Plaintiffs before the child state welfare agency. Plaintiffs allege that Defendants provided inaccurate and false information to the authorities.

On November 27, 2000, Plaintiffs filed suit. On January 18, 2001, defendant César Rey, current Secretary of Education, filed a motion to dismiss based on Eleventh Amendment immunity. On April 6,

---

1. Mario A. Arroyo, a third year student at Tulane Law School, assisted in the research and preparation of this opinion.

2001, the remaining Defendants filed a motion to dismiss.

## DISCUSSION

### Motion to Dismiss Standard

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint may not be dismissed unless it appears beyond doubt that plaintiffs can prove no set of facts in support of her claim which would entitle her to relief. *See Brown v. Hot, Sexy and Safer Prods., Inc.*, 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiffs's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*citing Correa–Martinez*, 903 F.2d at 52). Moreover, Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

### Claims under the Rehabilitation Act and the ADA [2]

Plaintiffs have filed suit under the ADA and the Rehabilitation Act, even though they were first required to exhaust administrative remedies pursuant to the Individuals with Disabilities Education Act ("IDEA") to the same extent as if the suit had been filed originally under the IDEA's provisions. *Mrs. W. v. Tirozzi*, 832 F.2d 748, 756 (2d Cir.1987); *see also* 20 U.S.C. § 1415(*l*). Since Plaintiffs mainly seek monetary relief not available under the IDEA, however, they can bypass the exhaustion requirement.

■ Defendants (in their official capacity) contend that the Eleventh Amendment bars Plaintiffs's Rehabilitation Act and ADA claims.[3] The Eleventh Amendment renders a State immune from an ADA claim brought in federal court unless the State has consented to suit. *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 368, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). Plaintiffs, on the other hand, argue that the Court should not follow *Garrett* because the Supreme Court did not bar claims for discrimination under Title II outside of the employment context.

In *Garrett*, the Supreme Court decided that suits for money damages brought pursuant to Title I of the ADA are barred by the Eleventh Amendment. The Supreme Court specifically declined to rule whether Title II, which has somewhat different remedial provisions from Title I, is appropri-

---

**2.** Defendants Fajardo, Reyes, Rodríguez and Sabo contend that Plaintiffs cannot hold them individually liable under the ADA. Although the First Circuit has not squarely decided the issue, this Court has followed the majority of the circuits in holding that no individual liability can attach to agents and supervisors under either statute. *See Vizcarrondo v. Board of Trustees of Univ. of P.R.*, 139 F.Supp.2d 198, (D.P.R.2001); *Julia v. Janssen, Inc.*, 92 F.Supp.2d 25, 28–29 (D.P.R.

2000) (*citing Diaz v. Antilles Conversion & Export, Inc.*, 62 F.Supp.2d 463, 465 (D.P.R. 1999)). Accordingly, the Court will dismiss Plaintiffs's ADA claims against the Defendants in their personal capacity.

**3.** "The Rehabilitation Act is materially identical to and applies the same standard as the ADA." *EEOC v. Amego*, 110 F.3d 135, 143 (1st Cir.1997).

ate legislation under § 5 of the Fourteenth Amendment. *Garrett,* 121 S.Ct. at 960.

Neither the First Circuit nor the Supreme Court have decided the issue of abrogation of Eleventh Amendment immunity under Title II of the ADA. The Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits have determined that Congress exceeded its authority by abrogating the States's Eleventh Amendment immunity. *See Reickenbacker v. Foster,* 274 F.3d 974 (5th Cir.2001); *Popovich v. Cuyahoga County Court of Common Pleas,* 276 F.3d 808 (6th Cir.2002); *Walker v. Snyder,* 213 F.3d 344 (7th Cir.2000); *John Doe v. Carl Barger,* 193 F.Supp.2d 1112 (E.D.Ark.2002); *Hason v. Medical Bd. of California,* 294 F.3d 1166, 1170–71 (9th Cir.2002); *Thompson v. Colorado,* 278 F.3d 1020 (10th Cir.2001); *Biggs v. Board of Educ. of Cecil County,* 2002 WL 370195, *7, —— F.Supp.2d ——, —— (D.Md.2002). The Second Circuit, however, has held that States are not immune under the Eleventh Amendment from actions under Title II of the ADA. *Garcia v. S.U.N.Y. Health Sci. Ctr. Of Brooklyn,* 280 F.3d 98 (2d Cir. 2001). In *Panzardi–Santiago v. University of P.R.,* 200 F.Supp.2d 1 (D.P.R.2002), the Court analyzed this issue and followed the majority rule, finding that Congress exceeded its authority in abrogating the States' Eleventh Amendment immunity.

■ This Court will follow the majority of the circuits that have analyzed the issue. Accordingly, it concludes that Congress exceeded its authority in abrogating the States' Eleventh Amendment immunity in suits brought pursuant to Title II of the ADA. Defendants are therefore immune from suit in light of the Supreme Court's decision in *Garrett.* Accordingly, the Court grants the Defendants's motions to dismiss on this score.

*42 U.S.C. § 1983 Claims Against Defendants in their Personal Capacity* [4]

■ Plaintiffs also seek relief against Defendants in their personal capacity under § 1983. Defendants claim that § 1983 is not available as a remedy because the State is the real party in interest. To prevail under 42 U.S.C. § 1983, Plaintiffs must establish (1) that the Defendants acted under color of state law; (2) that they were deprived of federally protected rights, privileges, or immunities; and (3) that the Defendants's alleged conduct was causally connected to her deprivation. *See Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 558 (1st Cir.1989).

■ Additionally, section 1983 does not recognize the theory of *respondeat superior* liability. *See Sanchez v. Alvarado,* 101 F.3d 223, 227 (1st Cir.1996). Supervisors can only be held liable for their own acts or omissions, and not through the actions or omissions of their agents or employees. *See Id. (citing Gutierrez–Rodriguez,* 882 F.2d at 562). A defendant supervisor may also be held liable under section 1983 whenever he or she knew, or should have known, of the alleged misconduct, and yet failed to take action to prevent future harm. *Febus–Rodriguez v. Betancourt–Lebron,* 14 F.3d 87, 91–92 (1st Cir.1994). Plaintiffs have not established that Defendants acted with reckless or callous indifference to their constitutional rights. They only state conclusory remarks claiming that the Defendants violated their rights.

The Court, even after engaging in a liberal reading of the Complaint and in-

---

4. Plaintiffs also contend that Defendants's actions in their official capacity constitute a violation of 42 U.S.C. § 1983. This type of claim is barred by the Eleventh Amendment, however. *See Garrett,* 531 U.S. at 356, 121 S.Ct. 955; *Acevedo Lopez v. Police Dept. of the Commonwealth of P.R.,* 247 F.3d 26, 28 (1st Cir.2001).

dulging all reasonable inferences in Plaintiffs's favor, finds that they have not pleaded sufficient facts to establish a cause of action under § 1983. Accordingly, the Court dismisses their § 1983 claim.

*Supplemental State Claims*

Since no federal claims remain, the Court dismisses the supplemental state claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## CONCLUSION

In light of the foregoing, the Court will enter judgment dismissing the Plaintiffs's federal claims with prejudice. The Court will dismiss the supplemental state claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

IT IS SO ORDERED.