Mark GEORGE *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES,
Roy Jeffus, Director

CA 03-1416                                              195 S.W.3d 399

Court of Appeals of Arkansas
Opinion delivered October 13, 2004

136

*Martin W. Bowen,* for appellant.

*Richard Neil Rosen,* for appellee.

KAREN R. BAKER, Judge. ■ This is an appeal from an order denying costs and attorney fees to a party who successfully obtained judicial enforcement of rights pursuant to the Arkansas Freedom of Information Act. While we affirm the denial of expenses as explained below, we first address the fact on May 12, 2004 that the Arkansas Department of Human Services ("the Department") submitted a motion to dismiss this appeal, based upon appellant's failure to file trial transcripts as part of the record on appeal. This court by letter order passed on the motion until the case was submitted. The Department resubmitted that motion on September 27, 2004, and the case was submitted to us on September 29, 2004. Appellant responded that none of the testimony adduced at the hearing concerned the legal issue on appeal. If the Department believes a record to be insufficient, the appropriate remedy is to supplement the appeal record, not to request dismissal of the appeal. *See Cobbs v. Arkansas Dep't of Human Servs,* 87 Ark. App. 188, 189 S.W.3d 487 (2004); Ark. R. App. P.—Civil 3, 6.

Appellant, Mark George, filed a lawsuit to obtain public records from the Arkansas Department of Human Services pursuant to the Arkansas Freedom of Information Act. A hearing was held on April 25, 2003, and the trial court found appellant to be the prevailing party, but refused to award attorney fees, finding that it had no authority to do so. On that same day, but after trial, appellant amended his complaint to specifically name Roy Jeffus as a party in both his individual capacity and as Interim Director of the Division of Medical Services of the Department and served Roy Jeffus with the amended complaint on April 29, 2003. The Department and Mr. Jeffus answered the amended complaint on

April 30, 2003, in a joint answer signed as submitted by the Department by Chief Deputy Counsel.

The answer affirmatively pled that the parties rested and that the trial court announced its decision prior to the filing of the amended complaint, and that post-trial complaint amendments are to conform the pleadings to issues tried by express or implied consent. The answer asked that the amendment be struck, but no motion to strike was ever filed. The written order memorializing the court's ruling was filed on July 14, 2003, and lists only the Department as the defendant.

Motions for fees were filed July 25 with the amended title of the cause of action including Mr. Jeffus, with appellant asking the court to assess the fees against Mr. Jeffus and alleging that the FOIA does not exempt officers or employees of state agencies from its provision on costs and attorney fees. The Department answered with just the Department listed as a Defendant. On page three of its Brief in Support regarding fees at the trial level, the Department noted that the amendment was filed solely as a predicate to appellant's pending motion seeking costs and attorney fees, and since there was no proceeding or adjudication regarding Mr. Jeffus personally, there was no basis for an award against Mr. Jeffus.

The trial court itself prepared a precedent filed September 26, 2003, denying the Motion for Costs and Attorney Fees and citing Ark. Code Ann. § 25-19-107(d) and its prohibition that ". . . no expenses shall be assessed against the State of Arkansas or any of its agencies or departments." The trial court's precedent identified the Department and Roy Jeffus as "Respondent."

No order specifically accepted the amendment. No separate motion to strike was filed and no order striking the amended complaint and answer was ever entered.

The style of the appeals case identifies the appellee as Roy Jeffus, in his individual capacity and in his official capacity as Interim Director of the Division of Medical Services of the Department, and Chief Counsel of the Department submitted the Brief of Appellee. The Department is not an appellee, but submits the brief on behalf of appellee. Appellant's point on appeal is that the circuit court erred in concluding that a state officer is a state agency or department against whom reasonable attorney's fees and litigation expenses may not be awarded under the Arkansas Freedom of Information Act. The appellee argues that a suit against Mr. Jeffus in his individual capacity cannot be maintained because he was not individually included at the time of the trial.

■ Appellant amended his original complaint to include Mr. Jeffus, stating that Mr. Jeffus would have been named originally as a party but for an agreement between the counsel for the Department and counsel for appellant stating that it would not be necessary for appellant to sue Mr. Jeffus individually in order for appellant to recover attorney fees. Rule 15 of the Arkansas Rules of Civil Procedure permits amendments to conform to the pleadings "when issues not raised by the pleadings are tried by express or implied consent of the parties." In such a situation, those issues "shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment[.]" However, this Rule presupposes that these issues were "tried by express or implied consent of the parties." *See, e.g., Shinn v. First Nat'l Bank of Hope*, 270 Ark. 774, 606 S.W.2d 154 (Ark. App.1980) (noting that the rule has been interpreted as permitting a defendant to raise a counterclaim, even after judgment, so long as it was clear that all the relevant evidence was in the record or the issue was clearly one the parties contemplated as being before the court).It is unclear from the record whether the trial court acknowledged the amended complaint and accepted that the parties had expressly or impliedly tried the matter including Mr. Jeffus. However, we need not address the issue because even if Mr. Jeffus had been properly included as a party, appellant could not prevail.

■ Pursuant to Ark. Code Ann. § 25-19-107(a), any citizen who is denied the rights granted to him under the FOIA, may appeal from the denial to circuit court. In any such action to enforce the rights granted in the FOIA, the court shall assess against the defendant reasonable attorneys fees and other litigation expenses incurred by a plaintiff who has substantially prevailed. Ark. Code Ann. § 25-19-107(d). However, the statute specifically provides that "no such expenses may be assessed against the State of Arkansas, or any of its agencies or departments. *Id*.

■ The Arkansas Department of Human Services is a department of the State of Arkansas. Furthermore, a suit against a state official in his official capacity is not a suit against that person but is rather a suit against that official's office. *Fegans v. Norris*, 351 Ark. 200, 206, 89 S.W.3d 919, 924 (2002). Thus, no award of

attorney's fees may be assessed against a state official in his official capacity under Ark. Code Ann. § 25-19-107(d).

Neither could appellant prevail in an action against Mr. Jeffus in his individual capacity. In his individual capacity, Mr. Jeffus had no administrative control of the data elements from which any record responsive to appellant's FOIA request would be created or provided. Any request made to Mr. Jeffus as an individual would be outside the scope of the FOIA since the Act pertains to "public" documents and the "custodian" of the public records as "the person having administrative control of that record." As an individual, Mr. Jeffus would have no administrative control of the public records. He would have control of the public records only in his official capacity.

Consequently, the trial court did not err when it denied appellant's motion for costs and attorney fees. Accordingly, we affirm.

HART and BIRD, JJ., agree.